■ In the Matter of BETTY SUMPTER, Respondent, v NEW YORK CITY HOUSING AUTHORITY, Appellant. [688 NYS2d 33] —Order, Supreme Court, New York County (Alice Schlesinger, J.), entered February 27, 1998, which, in a CPLR article 78

proceeding to annul respondent Housing Authority's termination of petitioner's public housing tenancy on the grounds of nondesirability, granted said petition to the extent of vacating petitioner's default and remanding to respondent for a determination on the merits, and denied respondent's motion to dismiss the petition as barred by the Statute of Limitations, unanimously reversed, on the law, without costs, the cross motion granted and the petition dismissed as barred by the Statute of Limitations.

Respondent's termination of petitioner's 23-year tenancy for nondesirability based on the drug-related activities of her 36-year old son on Housing Authority grounds was made on default after petitioner failed to appear at the scheduled administrative hearing. The next day, petitioner appeared at the hearing location, and, asserting that she misread the notice, sought to vacate the default. She wrote on respondent's form that she failed to appear at the hearing because she was "working late", and because she "[misread] my scheduled date." The Hearing Officer inquired as to respondent's position, and respondent's attorney submitted a letter strenuously objecting to the application to vacate the default. Said attorney informed the Hearing Officer that petitioner had rejected a settlement offer requiring her son's exclusion a few months before, and she had failed to demonstrate "good cause" for vacatur. Petitioner's application to vacate the default was denied, and upon review by the Housing Authority, petitioner's tenancy was terminated by letter dated May 19, 1997. The instant proceeding was commenced on October 27, 1997.

Petitioner's commencement of this article 78 proceeding more than four months from the date of respondent's termination letter renders it untimely (CPLR 217 [1]; *Matter of Simmons v Popolizio*, 160 AD2d 368, *affd on other grounds* 78 NY2d 917), and the petition must be dismissed.

In seeking to avoid dismissal, petitioner claims that her due process rights were violated because she was not adequately notified of her right to appeal (*see generally, Mathews v Eldridge*, 424 US 319; *Curiale v Ardra Ins. Co.*, 88 NY2d 268, 274-275). We recognize that petitioner's interest in remaining in her home of 23 years, for which she is eligible by virtue of her limited income, is clearly a compelling one (*see, Goldberg v Kelly*, 397 US 254), and that it is in the government's interest to provide fair and adequate notice before a citizen suffers a deprivation of property (*see, Goldberg v Kelly, supra*; *Ellender v Schweiker*, 575 F Supp 590, 601 [SD NY 1983], *appeal dismissed* 781 F2d 314 [2d Cir 1986]). Petitioner was advised

of her right to challenge the determination terminating her tenancy by article 78 review. There is no requirement either by statute or due process to notify an aggrieved party of the applicable limitations period at the time of termination (*see, Vialez v New York City Hous. Auth.*, 783 F Supp 109 [SD NY 1991]; *but see, Matter of Cabrera v New York City Hous. Auth.*, NYLJ, July 23, 1991, at 22, col 2 [Sup Ct, NY County 1991]).

Since petitioner concedes that she received notice of the right to seek review of respondent's determination by way of an article 78 proceeding, her assertion that her procedural due process rights were violated is without merit (*see, Vialez v New York City Hous. Auth., supra*). Concur—Sullivan, J. P., Nardelli, Rubin and Mazzarelli, JJ.