■ DAVISE BLACKMAN, Respondent, v NEW YORK CITY HOUSING AUTHORITY, Appellant. [720 NYS2d 141] —Order and judgment (one paper), Supreme Court, New York County (Phyllis Gangel-Jacob, J.), entered January 3, 2000, which granted plaintiff's application to the extent of declaring plaintiff's stipulation to exclude her son from her public housing apartment permanently, as a result of a drug-related arrest, to be unenforceable as against public policy, enjoining the Housing Authority from terminating plaintiff's tenancy by reason of her son's visits to the apartment, vacating the Housing Authority's notice to vacate, denying the Housing Authority's cross-motion to dismiss the proceeding as barred by the four-month Statute of Limitations set forth in CPLR 217, and not permitting the Housing Authority to file an answer to the complaint, unanimously reversed, on the law, without costs, the application denied and the cross-motion to dismiss granted.

Under *Solnick v Whalen* (49 NY2d 224), the four-month Statute of Limitations set forth in CPLR 217 that is applicable to CPLR article 78 proceedings governs this declaratory judgment action, because an article 78 proceeding is the appropriate

method of challenging a Housing Authority determination to terminate a tenancy (*see, Sumpter v New York City Hous. Auth.,* 260 AD2d 176). This is the case even where the determination allegedly violates a public policy. Such a challenge falls under CPLR 7803 (3), specifically, whether the determination was "affected by an error of law" (*see, Solnick, supra,* at 230-231). A party may not change the nature of a proceeding, thereby lengthening the Statute of Limitations, simply by denominating it as something other than it is.

Contrary to plaintiff's argument, this case is not like *Lutheran Church v City of New York* (35 NY2d 121), where the Statute of Limitations issue was waived by defendants, nor *Matter of Stroman v Franco* (253 AD2d 398, *lv denied* 93 NY2d 817), involving an article 78 proceeding decided on the merits where there was no Statute of Limitations issue.

Plaintiff's action, commenced June 30, 1999, more than four months after receiving the notice of the Housing Authority determination, mailed February 2, 1998, is time barred and should have been dismissed. Even if we were to consider the notice to vacate, dated September 17, 1998, informing plaintiff of the Housing Authority's determination of status, to be that which was final and binding on plaintiff, the proceeding would still be time barred (*see, Raykowski v New York City Dept. of Transp.,* 259 AD2d 367; *Matter of Biondo v New York State Bd. of Parole,* 60 NY2d 832). Concur—Rosenberger, J. P., Tom, Wallach, Rubin and Saxe, JJ.