■ ABC RADIO NETWORK, INC., Respondent, v STATE OF NEW YORK DEPARTMENT OF TAXATION AND FINANCE, Appellant, et al., Defendant. [742 NYS2d 261] —Order, Supreme Court, New York County (Barry Cozier, J.), entered March 23, 2001, which granted plaintiff's motion for partial summary judgment on the first cause of action pursuant to CPLR 3001 and denied defendant's cross motion to dismiss the complaint, unanimously reversed, on the law, without costs, plaintiff's motion denied, defendant's cross motion granted, and the complaint dismissed in its entirety. The Clerk is directed to enter judgment in favor of defendant-appellant dismissing the complaint as against it.

Pursuant to article 9-A of the Tax Law, ABC Radio Network, Inc. (hereinafter ABC), timely filed and paid New York State business corporation taxes for the tax years ending December 31, 1989 and December 31, 1990. Subsequently, ABC was notified by letter dated September 10, 1997 that it had overpaid its taxes for those tax years in the sum of $394,347.58, exclusive of interest. In a letter dated September 25, 1997, ABC inquired how the interest would be computed and contended that pursuant to Tax Law § 1088 (a) (2), any interest on its 1989 and 1990 refunds should be calculated from the date the returns were filed. By letter dated August 10, 1998, defendant informed ABC that its letter of September 25, 1997 constituted a "claim for refund" and that pursuant to Tax Law § 1088 (a) (3), any additional interest would be calculated from that date. On June 14, 1999, ABC received refunds for the 1989 and 1990 overpayments, with interest calculated from September 25, 1997.

On April 14, 2000, ABC commenced the instant action, asserting, inter alia, a cause of action for a judgment pursuant to CPLR 3001 declaring that Tax Law § 1088 (a) (2) applies to the calculation of interest on the tax overpayments. Subsequently, ABC moved for partial summary judgment on this cause of action and defendant cross-moved to dismiss the complaint on the grounds that, inter alia, ABC failed to exhaust its administrative remedies prior to commencing the action and

that ABC failed to commence timely a CPLR article 78 proceeding challenging the denial of retroactive refunds.

In a lengthy decision, the IAS court granted ABC summary judgment on its claim for declaratory relief, awarded it damages in the nature of accruing interest and denied the cross motion, except to the extent of dismissing all claims against defendant Arthur Roth. In denying the cross motion, the motion court found, inter alia, that the four-month statute of limitations was inapplicable in that the defendant's determination was not "final" within the meaning of CPLR 7801 (1) and that the money damages that plaintiff is seeking are primary, not incidental, to the relief sought (CPLR 7806).

The motion court erred in failing to dismiss the complaint as untimely. It is well settled that the four-month statute of limitations for CPLR article 78 proceedings begins to run from the date the agency's determination becomes "final and binding upon the petitioner" (CPLR 217 [1]; *New York State Assn. of Counties v Axelrod*, 78 NY2d 158, 165). Here, when ABC received its refund check on June 14, 1999 with interest calculated from September 25, 1997, defendant had arrived at a definitive final position on the issue and ABC had suffered an actual loss in accrued interest. Likewise, the motion court erred in finding that ABC's claim was primarily one for money damages inasmuch as its claim was for a declaration that Tax Law § 1088 (a) (2) was applicable and that any interest accrued from the date of overpayment. Clearly, any demand for monetary relief was wholly incidental under all the facts and issues presented in the instant matter (*see, Gross v Perales*, 72 NY2d 231).

Further, the essential nature of a proceeding may not be changed, thereby lengthening the statute of limitations, merely by denominating it as something other than what it actually is (*see, Blackman v New York City Hous. Auth.*, 280 AD2d 324; *see also, Rosenthal v City of New York*, 283 AD2d 156, 158, *lv dismissed* 97 NY2d 654). Although the instant action was denominated as one for a declaratory judgment, it was, in fact, an action cognizable under CPLR 7803 (3). Accordingly, by calculating the statute of limitations from either August 10, 1998 (the date ABC was notified of the refund) or June 14, 1999 (the date ABC received the refund check), the statute of limitations would have run, at the latest, on October 14, 1999, six months prior to the commencement of the action on April 14, 2000. In light of the foregoing, the complaint should have been dismissed as untimely. Concur—Williams, P.J., Mazzarelli, Saxe, Lerner and Marlow, JJ.