[886 NE2d 762, 857 NYS2d 1]

In the Matter of MITCHELL SCHORR, Respondent, v NEW YORK CITY DEPARTMENT OF HOUSING PRESERVATION AND DEVELOPMENT et al., Appellants.

Argued February 12, 2008; decided March 13, 2008

## APPEARANCES OF COUNSEL

*Michael A. Cardozo, Corporation Counsel,* New York City (*Karen M. Griffin* and *Francis F. Caputo* of counsel), for New York City Department of Housing Preservation and Development, appellant.

*Gallet Dreyer & Berkey, LLP,* New York City (*Michelle P. Quinn* and *David L. Berkey* of counsel), for East Midtown Plaza Housing Company, Inc., appellant.

*Rosenberg & Estis, P.C.,* New York City (*Jeffrey Turkel* of counsel), for respondent.

*Andrew M. Cuomo, Attorney General,* New York City (*Robert C. Weisz, Barbara D. Underwood* and *Michael S. Belohlavek* of counsel), for New York State Division of Housing and Community Renewal, amicus curiae.

## OPINION OF THE COURT

MEMORANDUM.

The order of the Appellate Division should be reversed, with costs, and the petition dismissed.

In 1987, petitioner, his parents and brother moved into a two-bedroom Mitchell-Lama apartment in Manhattan.[1] Because petitioner was 14 years old at the time, he was the only member of his family not listed as a tenant of record. Petitioner left the apartment for college at some point in the early 1990s and there

---

1. The Mitchell-Lama Law (Private Housing Finance Law article II) was enacted in 1955 to offer private housing companies the incentive to develop low- and moderate-income housing (*see Matter of KSLM-Columbus Apts., Inc. v New York State Div. of Hous. & Community Renewal,* 5 NY3d 303, 308 [2005]). "The program encourages such housing by offering State and municipal assistance to developers in the form of long-term, low-interest government mortgage loans and real estate tax exemptions. In return for these financial benefits, developers agree to regulations concerning rent, profit, disposition of property and tenant selection" (*Matter of Columbus Park Corp. v Department of Hous. Preserv. & Dev. of City of N.Y.,* 80 NY2d 19, 23 [1992] [citations omitted]).

is no record of his return to the apartment until 1999, when his name first appeared on the apartment's annual income report. By February 2000, the tenants of record had vacated the apartment, leaving petitioner as the sole occupant. Because he did not reside in the apartment for two consecutive years prior to 2000, the year the last tenants of record (his parents) vacated, petitioner did not qualify for successor rights to the apartment under the Mitchell-Lama Law, but nevertheless remained.

Respondent East Midtown Plaza Housing Company, Inc., a limited-profit housing company incorporated under the Mitchell-Lama Law, owns and operates the apartment subject to the regulations and supervisory authority of respondent Department of Housing Preservation and Development (HPD). Although petitioner was no longer authorized to reside in the apartment, East Midtown apparently acquiesced in petitioner's occupancy.[2] Following two successful lawsuits by petitioner against East Midtown in 2001 and 2004, East Midtown initiated eviction proceedings against petitioner in December 2004. Petitioner attempted unsuccessfully to submit an application for successor rights and in July 2005, HPD affirmed the eviction because petitioner could not establish that he qualified for such rights.

In September 2005, East Midtown initiated a holdover proceeding against petitioner in Civil Court. In response, petitioner commenced this CPLR article 78 proceeding seeking to annul HPD's eviction determination. Supreme Court annulled the determination, holding, among other things, that because of East Midtown's apparent consent to the tenancy, HPD and East Midtown were estopped from evicting petitioner. The Appellate Division affirmed, and we now reverse.

The Mitchell-Lama Law prescribes strict guidelines for tenant eligibility and succession, to which East Midtown must adhere (see 28 RCNY § 3-02 [p] [8] [ii]). HPD is the supervising governmental agency responsible for administering the Mitchell-Lama program in New York City (see Private Housing Finance Law § 2 [15]; New York City Charter § 1802 [6] [d]). Thus, HPD is statutorily required to enforce the Mitchell-Lama Law and regulations regardless of any actions or acquiescence by East Midtown and the other limited-profit housing companies it supervises.

---

**2.** There is no evidence in the record that HPD knew of petitioner's purported "tenancy" during the time period in question.

It is well settled that "estoppel cannot be invoked against a governmental agency to prevent it from discharging its statutory duties" (*Matter of New York State Med. Transporters Assn. v Perales*, 77 NY2d 126, 130 [1990]; *see also Matter of Wedinger v Goldberger*, 71 NY2d 428, 441 [1988], *cert denied* 488 US 850 [1988]; *Matter of E.F.S. Ventures Corp. v Foster*, 71 NY2d 359, 369-370 [1988]; *Matter of Parkview Assoc. v City of New York*, 71 NY2d 274, 282 [1988], *cert denied* 488 US 801 [1988]; *Scruggs-Leftwich v Rivercross Tenants' Corp.*, 70 NY2d 849, 852 [1987]). Here, it is clear that petitioner did not meet the eligibility requirements for succession rights to the apartment and was, therefore, an illegal tenant. Thus, invoking estoppel against HPD and East Midtown would impermissibly prevent HPD from executing its statutory duty to provide Mitchell-Lama housing only to individuals who meet the specified eligibility requirements.

Chief Judge KAYE and Judges CIPARICK, GRAFFEO, READ, SMITH, PIGOTT and JONES concur in memorandum.

Order reversed, etc.