■ In the Matter of Elizabeth Miney, Respondent, v Shaun Donovan, Appellant, et al., Respondent. [890 NYS2d 616]—

In September 2001 the petitioner moved into her mother's apartment, located in a Mitchell-Lama housing development (*see* Private Housing Finance Law § 10 *et seq.* [hereinafter the Mitchell-Lama Law]) in Queens known as the Big Six Towers, Inc. (hereinafter the Big Six), and allegedly has lived there continuously since then. The petitioner's mother died in December 2003.

In July 2007 the petitioner received a letter from the Big Six denying her application for succession rights because she did not prove that she co-occupied the subject apartment with her mother, the tenant of record, for two years prior to her mother's death. The petitioner was not listed on any income affidavit for the apartment until a 2003 income affidavit, which was filed in 2004. The petitioner appealed the denial of her application for succession rights to the New York City Department of Housing Preservation and Development (hereinafter HPD). HPD upheld the denial, finding that the petitioner did not meet the eligibility requirements, as she did not appear on the income affidavits for the two years prior to her mother's death in December 2003. The petitioner then commenced this proceeding pursuant to CPLR article 78 to review HPD's determination. The Supreme Court found that HPD's determination was arbitrary and capricious, and directed HPD to grant her application for succession rights to the apartment.

The regulations implementing the Mitchell-Lama Law which relate to succession rights were amended as of February 1, 2003 (*see* 28 RCNY 3-02 [p]). Prior to the amendment, if a family member did not appear on the income affidavits for the subject apartment for the two years prior to the tenant's vacatur of the apartment, a rebuttable presumption was created that the family member did not reside in the apartment during those two years. The amendment eliminated this rebuttable presumption, so that an occupant who does not appear on the relevant income affidavits may not receive succession rights to the apartment, and does not have the opportunity to present a rebuttal (*id*).

The relevant residency period here is from December 30, 2001, to December 30, 2003, the date of the death of the petitioner's mother. There is no dispute that the petitioner did not appear on the income affidavit for the year 2002, which was filed in

April 2003, after the new regulations took effect. As of February 1, 2003, the petitioner was on notice that she needed to be listed on the income affidavits in order to be eligible for succession rights. Since she was not listed on the income affidavits for the two years preceding her mother's death, she is ineligible for succession rights. Thus, HPD's determination was not arbitrary and capricious, and the petition should have been denied.

The petitioner's argument regarding tenancy by estoppel is without merit. Generally, estoppel cannot be invoked against a governmental agency to prevent it from discharging its statutory duties (see *Matter of Schorr v New York City Dept. of Hous. Preserv. & Dev.*, 10 NY3d 776, 779 [2008]). Covello, J.P., Santucci, Chambers and Hall, JJ., concur.