OPINION OF THE COURT
Sabrina B. Kraus, J.
Background
This summary nonpayment proceeding was commenced by Dennis Lane Apartments Inc. and seeks to recover possession of apartment 8-K at 665 East 181st Street, Bronx, New York 10475 (subject premises) based on the allegation that Willie Jones Jr. is the surviving issue of Ada Jones, the last tenant of record for the subject premises, and owes rent for the subject premises.
Procedural History
This proceeding was commenced by service of a written rent demand dated December 7, 2009, which sought payment of $14,518.02 in arrears by December 22, 2009, constituting maintenance charges and fees from October 2008 through July 2009. The rent demand was served by conspicuous place delivery on December 10, 2009, at 9:40 a.m., with a prior attempt having been made on December 9, 2009 at 6:43 a.m. Annexed to the demand is a rent history from petitioner. The rent history states that no rent had been paid since December 5, 2008. The rent history indicates that the tenant is a senior citizen.
The petition is dated January 12, 2010. The petition asserts that the subject premises is a Mitchell-Lama cooperative apartment. The petition further alleges that Willie Jones Jr. is the surviving issue of the last cooperator of record, Ms. Ada Jones. The petition asserts that Ms. Jones entered into possession of the premises pursuant to a written agreement dated January 1, 1981, wherein she agreed to pay $976.26 per month as maintenance.
The petition further asserts that Ms. Jones last certified her income and household composition on April 8, 2008, and indicated that she was the sole occupant of the subject premises; *1058 and that Ms. Jones died on December 6, 2008; and that no representative or person has taken possession of the premises and no administrator or executor had been appointed for her estate; and that respondent is currently occupying the subject premises as his residence.
The original lease agreement for the subject premises is dated January 1, 1981 and is for both Ada and Willie Jones. No mention is made as to Willie Jones, presumably the husband of the decedent and the father of respondent, in the petition.*
Respondent filed an answer on January 27, 2010, asserting that he did not receive a copy of the petition and that the monthly rent sought was not correct. The proceeding was initially returnable on February 3, 2010, and the parties agreed to adjourn the proceeding to February 22, for respondent to obtain counsel. Respondent failed to appear in court on February 22, however the court declined to enter a default judgment against respondent. The court ruled that petitioner’s application for a default judgment was denied, that the petitioner’s remedy was to bring a holdover proceeding against respondent, and that the estate of the decedent may be a necessary party.
Respondent appeared later that day and the court signed an order to show cause vacating his default. After a subsequent late appearance, a second order to show cause was signed and returnable on March 22, 2010. Petitioner was directed by the court to submit opposition addressing the issue as to whether the estate of the decedent was a necessary party, and why petitioner was entitled to proceed under RPAPL 711 (2). On March 22, 2010, the motion was marked submitted, and the court reserved decision'.
Discussion
RPAPL 711 is labeled “Grounds where landlord-tenant relationship exists.” RPAPL 711 defines some kinds of occupancy, included in the definition of tenant, and provides that when such a person has been in possession for 30 consecutive days or longer he may only be removed from possession through a special proceeding. RPAPL 711 (2) further provides that
“[wjhere a tenant dies during the term of the lease and rent due has not been paid and no representa *1059 tive or person has taken possession of the premises and no administrator or executor has been appointed, the proceeding may be commenced after three months from the date of death of the tenant by joining the surviving spouse or if there is none, then one of the surviving issue or if there is none, then any one of the distributees.”
There appears to be little reported authority on the issue of whether this provision of RPAPL 711 (2) is applicable to Mitchell-Lama cooperatives. For the reasons discussed below, the court finds that the provision of RPAPL 711 (2) allowing the commencement of a nonpayment proceeding against specified family members, after three months from the death of a tenant, is not applicable to Mitchell-Lama cooperatives.
Article II of the Private Housing Finance Law is commonly referred to as the Mitchell-Lama Law, and applies to the subject premises. The Private Housing Finance Law authorizes the creation of limited profit housing companies, which can be organized as a cooperative. The cooperative receives low-interest government mortgage loans and other benefits, in exchange for being subject to regulation by the Division of Housing and Community Renewal. In order to be eligible for admission, tenants must meet certain statutory requirements (Brightwater Towers Assoc. v New York State Div. of Hous. & Community Renewal, NYLJ, Nov. 6, 1991, at 23, col 4; Private Housing Finance Law §§ 12, 13, 31; 9 NYCRR subpart 1727-2).
Pursuant to 9 NYCRR 1727-8.3 (a), “[w]here a tenant/ cooperator has died, the lease and the shares of stock for such decedent’s apartment shall be surrendered by the decedent’s estate or survivors for redemption.” The only exception set forth by the regulation is where there has been a request for succession from a qualifying family member. Where any remaining family member does not qualify for succession the statute provides that “such family member shall vacate the dwelling unit or the housing company shall proceed to terminate such occupancy” (9 NYCRR 1727-8.4 [e]). 9 NYCRR 1727-5.3 (a) (11) provides for termination by the housing company when the “[t]enant or cooperator has vacated the dwelling unit or died, and an occupant remains in possession without having established the right to succession.”
As noted above, the last tenant of record died in December 2008. Unless there is a pending application by respondent for succession, which is not referenced anywhere in the petition, re *1060 spondent has no right to remain in occupancy and pay the rent. The subject premises must be surrendered and provided as housing to the next qualified applicant. Similarly, petitioner has no right to ignore its statutory obligation to terminate based on the tenant’s death, nor acquiesce to the occupancy of an individual not qualified to succeed to the tenancy under the statute (see e.g. Matter of Schorr v New York City Dept. of Hous. Presero. & Dev., 10 NY3d 776 [2008]). In short, in the event there is no claim to succession, petitioner must commence a holdover proceeding.
Based on the foregoing, the court finds that the provision of RPAPL 711 (2) relied upon by petitioner is not applicable under the circumstances herein.
Additionally, given that the lease (exhibit A) in this proceeding is automatically renewed for three-year terms, the lease for the tenant of record runs until January 1, 2011 (see also 9 NYCRR 1727-5.1). Moreover, leaseholds for Mitchell-Lama cooperatives are the personal property of the decedent, and constitute part of the estate of the decedent (Matter of Edwards, 6 Misc 3d 1039[A], 2005 NY Slip Op 50345[U] [Sur Ct, Bronx County 2005]). Therefore, under the circumstances herein, at least through the expiration of the lease, the estate of the decedent is a necessary party.
Based on the forgoing, respondent’s motion is granted and this proceeding is dismissed.

 This pleading failure is a defect in complying with RPAPL 711 (2), because before a suit is permissible against the issue, there must be an allegation that there is no surviving spouse.