■ In the Matter of ANGELO QUINTO et al., Appellants, v NEW YORK CITY DEPARTMENT OF HOUSING PRESERVATION AND DEVELOPMENT et al., Respondents. [913 NYS2d 23]—

Order, Supreme Court, New York County (Michael D. Stallman, J.), entered November 17, 2009, which, inter alia, denied petitioners' application to annul the determination of respondent New York City Department of Housing Preservation and Development (HPD) denying petitioners succession rights to the subject Mitchell-Lama apartment and dismissed the proceeding, unanimously affirmed, without costs.

The determination that petitioners did not sustain their burden of establishing an entitlement to succession rights to petitioner Angelo Quinto's parents' apartment had a rational basis. Petitioners' submissions were insufficient to rebut the presumption created by the failure to include either petitioner in the income affidavit for 2001 (*see e.g. Matter of Miney v Donovan*, 68 AD3d 876, 877 [2009]), and HPD was entitled to consider the inconsistencies contained in other documents submitted and the fact that petitioners provided a different address as their place of residence on tax returns filed during the relevant period (*see* 28 RCNY 3-02 [n] [4]; *Matter of Hochhauser v City of N.Y. Dept. of Hous. Preserv. & Dev.*, 48 AD3d 288 [2008]; *Matter of Pietropolo v New York City Dept. of Hous. Preserv. & Dev.*, 39 AD3d 406 [2007]). Furthermore, petitioners may not invoke the doctrine of estoppel to "prevent HPD from executing its statutory duty to provide Mitchell-Lama housing

only to individuals who meet the specified eligibility requirements" (*Matter of Schorr v New York City Dept. of Hous. Preserv. & Dev.*, 10 NY3d 776, 779 [2008]; *Miney*, 68 AD3d at 878). Concur—Gonzalez, P.J., Tom, Sweeny, Richter and Manzanet-Daniels, JJ.