OPINION OF THE COURT
Alexander W. Hunter, Jr., J.
The application by pro se petitioners Kwan-Fong Fung (KwanFong) and her husband, Pak Fung (Pak), for a judgment pursuant to CPLR article 78 reversing the determination by respondent, which denied their succession rights as remaining family members, is denied and their petition is dismissed.
Petitioner Kwan-Fong asserts that she is the daughter of Kim-Man Ng (tenant Ng), the tenant of record of 7 St. James Place, apartment 6E, New York, New York 10038 in the New York City Housing Authority’s (NYCHA) Smith Houses. In 2004, Ng’s grandson, King Hong Yu, was granted permanent permission by NYCHA to join the household. King Hong Yu moved out of the household on November 1, 2006, leaving tenant Ng as the sole household member. Tenant Ng’s health began to decline and he only received home care services during the day. To care for her father, petitioner Kwan-Fong moved from Hong Kong into tenant Ng’s apartment in January 2007. In 2008, Pak also moved from Hong Kong into the subject apartment, residing with Kwan-Fong and tenant Ng. Tenant Ng passed away in February 2009, at which point petitioners were the only residents of the subject apartment. Kwan-Fong asserts that neither she nor her husband speak, read or write English and, thus, required the help of her niece, Sharon Yu, to translate during communications with the Smith Houses’ management office.
After Kwan-Fong moved into the apartment, Sharon Yu accompanied her to the management office to seek permission to add Kwan-Fong to the household. Kwan-Fong contends that she requested permission to add herself to the household permanently but instead was given a request form for temporary permission. On January 29, 2007, Kwan-Fong completed and submitted the “Request for Temporary Permission” form. On February 8, 2007, NYCHA mailed a letter to the subject residence, informing Kwan-Fong that the request for temporary permission had been denied. Although the letter did not specify the reason for the denial, Kwan-Fong avers that management informed her that her application was denied because residing in the apartment would cause overcrowding. Kwan-Fong and *262 Sharon Yu visited the Smith Houses’ management office on March 14, 2007 to discuss the denial of her application. Management office records indicate that Kwan-Fong was told that her request to live permanently in the apartment was denied but that someone can “stay” in the apartment to care for tenant Ng. However, Kwan-Fong contends that when she was told that she could stay in the apartment, she understood that to mean that she could live there because “stay” and “live” have the same meaning in her native Chinese. Kwan-Fong claims that from that point, she believed she had permission to live in the apartment and that is why she completed and submitted the annual income affidavit form every year thereafter. Additionally, Kwan-Fong claims that the management office’s acceptance of the forms without objection led her to believe that she had permission to reside in the apartment.
Kwan-Fong asserts that upon tenant Ng’s death in February 2009, she notified the management office and Sharon Yu helped her write a letter to the management office requesting recalculation of the rent. Kwan-Fong subsequently received a 10-day notice to quit on February 8, 2010.
With respect to NYCHA’s denial of Kwan-Fong’s temporary permission request, respondent contends that petitioners lack standing to challenge the denial of the request and, even if they had standing, Kwan-Fong’s challenge of the denial is barred by the four-month statute of limitations. Furthermore, respondent contends that neither temporary permission nor payment of rent give rise to succession rights.
In opposition to petitioners’ contention that they are entitled to succession rights, respondent asserts that petitioners failed to move into the apartment lawfully and, thus, do not qualify as remaining family members (RFM) under NYCHA policy. Due to their failure to qualify as RFM, petitioners cannot succeed to tenant Ng’s lease. Furthermore, respondent contends that the alleged mitigating circumstances of petitioners’ old age, declining health, and lack of alternative housing do not justify exempting them from RFM eligibility requirements. This court’s role in an article 78 proceeding is limited to the determination of whether the decision made by NYCHA was arbitrary or capricious, by assessing if there existed a rational basis for the determination. (See Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 232 [1974] [“It is well settled that a court may not substitute its judgment for that of the board or *263 body it reviews unless the decision under review is arbitrary and unreasonable and constitutes an abuse of discretion”].) This court cannot “substitute its judgment for that of the agency. Even though the court might have decided differently were it in the agency’s position, the court may not upset the agency’s determination in the absence of a finding, not supported by this record, that the determination had no rational basis.” (Matter of Mid-State Mgt. Corp. v New York City Conciliation & Appeals Bd., 112 AD2d 72, 76 [1st Dept 1985] [citations omitted]; see also Matter of Sullivan County Harness Racing Assn. v Glasser, 30 NY2d 269 [1972].)
NYCHA’s denial of petitioners’ grievance was neither arbitrary nor capricious. The temporary permission request form notifies tenants of their right to request a grievance hearing if temporary permission is denied. As the tenant of record, tenant Ng had the right and ability to avail himself of a grievance hearing. However, tenant Ng died before Kwan-Fong made this request. As such, she is precluded from requesting the desired relief. Even if Kwan-Fong’s temporary permission request was approved, the temporary permission form and NYCHA Management Manual indicates, and the relevant case law holds, that the temporary permission would have expired upon tenant Ng’s death and temporary permission would not have conferred Kwan-Fong succession rights. (See Rentas v New York City Hous. Auth., 282 AD2d 215 [1st Dept 2001] [“Petitioner never obtained written approval from the project management to become a permanent member of the then authorized tenant family”], citing NYCHA Management Manual, ch VII, § E [1] [a], [d]; Matter of Powell v Franco, 276 AD2d 430, 430-431 [1st Dept 2000]; Matter of Barnhill v New York City Hous. Auth., 280 AD2d 339 [1st Dept 2001].)
Petitioners’ challenge of NYCHA’s denial of the temporary permission request is barred by the statute of limitations, thus rendering moot respondent’s assertion that petitioners lack standing. The Court of Appeals in Walton v New York State Dept. of Correctional Servs. reiterated that “[a] petitioner who seeks article 78 review of a determination must commence the proceeding ‘within four months after the determination to be reviewed becomes final and binding upon the petitioner.’ ” (8 NY3d 186, 194 [2007], quoting CPLR 217 [1]; Blackman v New York City Hous. Auth., 280 AD2d 324, 325 [1st Dept 2001] [holding that petitioner’s article 78 proceeding commenced more than four months after receiving the NYCHA determination is *264 time-barred].) Kwan-Fong was notified of the denial of her temporary permission request by a letter dated February 8, 2007 but did not commence an article 78 proceeding until three years later on March 2, 2010. Thus, Kwan-Fong’s challenge to the denial of temporary permission is time-barred.
Kwan-Fong contends that she is entitled to succession rights because she had paid rent for the apartment. Although she testified at the NYCHA grievance hearing that she began paying rent for the subject apartment in 2008 and has submitted several copies of rental checks paid to NYCHA in 2010, the payment of use and occupancy does not confer succession rights. (Matter of Muhammad v New York City Hous. Auth., 81 AD3d 526, 527 [1st Dept 2011] [“Petitioner’s reliance on the fact that she occasionally paid rent while she resided in her sister’s apartment without respondent’s authorization, is misplaced. These payments did not make her an authorized tenant of public housing”], citing Barnhill, 280 AD2d at 339.)
Kwan-Fong also contends that she is entitled to succession rights because she had been given verbal permission to “stay” in the apartment and had listed herself as a household member on NYCHA’s annual income affidavit. NYCHA’s “Remaining-Family-Member’’ policy requires tenants to seek and obtain management’s written consent, allowing individuals to permanently join the household. Among other requirements, in order to succeed to the lease of a tenant of record, remaining family members must establish that they moved into the apartment lawfully. Courts have consistently upheld the written consent requirement to obtain RFM status. (See Matter of Edwards v New York City Hous. Auth., 67 AD3d 441 [1st Dept 2009] [upholding denial of remaining family member claim when petitioner failed to obtain written permission]; Matter of Rivera v New York City Hous. Auth., 60 AD3d 509, 509 [1st Dept 2009] [“Petitioner did not . . . enter the apartment lawfully, respondent never gave the tenant of record written permission for petitioner to join her household, and petitioner acknowledged that no such permission was ever obtained prior to the tenant’s death”].) Both petitioners did not obtain written consent to permanently join the household and, therefore, failed to fulfill the lawful entry requirement to obtain RFM status. Consequently, petitioners’ lack of RFM status precludes entitlement to succession rights. (See Matter of McFarlane v New York City Hous. Auth., 9 AD3d 289 [1st Dept 2004] [denying claims to succession rights because petitioners failed to apply for and obtain remaining family member status].)
*265 Although the issue was not addressed at the NYCHA hearing, petitioners argue in the instant proceeding that they are entitled to succession rights on the basis that NYCHA knew and implicitly approved of their residence in the apartment. Petitioners’ argument is without merit. The dicta of McFarlane (9 AD3d at 291) provides an exception to the written consent requirement when there is evidence that NYCHA was aware of, and implicitly approved, the petitioner’s residence in the apartment (“a showing that the Authority knew of, and took no preventive action against, the occupancy by the tenant’s relative, could be an acceptable alternative for compliance with the notice and consent requirements”). However, a subsequent decision by the Court of Appeals in Matter of Schorr v New York City Dept. of Hous. Preserv. & Dev. (10 NY3d 776, 778 [2008]) abrogates the McFarlane dicta, holding that although respondent acquiesced in petitioner’s occupancy, a governmental agency “is statutorily required to enforce the Mitchell-Lama Law and regulations regardless of any actions or acquiescence” by the management office. (See also Matter of Quinto v New York City Dept. of Hous. Preserv. & Dev., 78 AD3d 559, 559-560 [1st Dept 2010] [reiterating that “petitioners may not invoke the doctrine of estoppel to ‘prevent HPD from executing its statutory duty to provide Mitchell-Lama housing only to individuals who meet the specified eligibility requirements’ ”], quoting Schorr, 10 NY3d at 779; Edwards, 67 AD3d at 411 [asserting that “(fit would not avail petitioner even if respondent were aware of her occupancy” in NYCHA housing], citing Schorr, 10 NY3d at 776.) Therefore, petitioners cannot obtain succession rights via NYCHA’s implicit approval.
Petitioners conclude by contending that this court should take into account the mitigating circumstances in this case such as petitioners’ health problems, old age and lack of alternative living accommodations. The pertinent case law promotes deference to the NYCHA hearing officer’s decision regarding sanctions, unless the imposed sanctions constitute an abuse of discretion as a matter of law. (See Matter of Featherstone v Franco, 95 NY2d 550, 554 [2000] [noting that the Appellate Division lacks “interest of justice jurisdiction in reviewing the penalty imposed by the Authority” and that reconsideration of the sanction is appropriate only if the penalty “shocks the judicial conscience and, therefore, constitutes an abuse of discretion as a matter of law”], citing Pell, 34 NY2d at 232-234; Matter of Fermin o New York City Hous. Auth., 67 AD3d 433, 433 *266 [1st Dept 2009] [“We reject petitioner’s assertion that the hearing officer should have considered the totality of the circumstances, such as mitigating factors and hardship to petitioner” (citations omitted)].) Here, NYCHA’s disregard of mitigating circumstances does not constitute an abuse of discretion as a matter of law and, thus, does not warrant a reconsideration of the penalty imposed by the NYCHA hearing officer.
Accordingly, petitioners are not entitled to the relief they seek herein and it is hereby, adjudged, that the petition is denied and the proceeding is dismissed without costs and disbursements to the respondent.