■ In the Matter of STEPHEN GOTTLIEB, Appellant, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Respondent, et al., Respondent. [934 NYS2d 400]—

Petitioner did not submit income affidavits or a notice of change demonstrating that he lived in the subject apartment with his father for two years preceding his father's death in March 1994. To the contrary, the income affidavit that he submitted for 1992 notes that he began residing in the apartment "as of 10/1/92"—less than two years before his father died. Thus, DHCR's determination that petitioner failed to demonstrate that the apartment was his primary residence for two years before his father's death was rationally based in the record and was not arbitrary and capricious (*see Taylor v New York State Div. of Hous. & Community Renewal*, 73 AD3d 634 [2010]; *Matter of Greichel v New York State Div. of Hous. & Community Renewal*, 39 AD3d 421, 422 [2007]).

Notwithstanding that respondent Southbridge Towers, Inc. accepted maintenance payments from petitioner and permitted him to occupy the apartment for more than 13 years after his father died, estoppel cannot be invoked to prevent DHCR from carrying out its statutory duties (*Matter of Schorr v New York City Dept. of Hous. Preserv. & Dev.*, 10 NY3d 776 [2008]; *Taylor*, 73 AD3d at 634).

We have considered petitioner's remaining arguments and find them unavailing. Concur—Tom, J.P., Friedman, Freedman, Richter and Manzanet-Daniels, JJ. **[Prior Case History: 2010 NY Slip Op 31523(U).]**