■ In the Matter of TRINA NOEL, Respondent, v NEW YORK CITY HOUSING AUTHORITY—BROWNSVILLE, Appellant. [950 NYS2d 572]—

In a proceeding pursuant to CPLR article 78 to review a determination of the New York City Housing Authority dated

October 28, 2009, which, after a hearing, found Trina Noel ineligible for continued occupancy and terminated her tenancy in a public housing facility, New York City Housing Authority—Brownsville appeals, by permission, from an order of the Supreme Court, Kings County (Edwards, J.), dated November 23, 2011, which denied its motion to dismiss the petition pursuant to CPLR 3211 (a) and 7804 (f).

Ordered that the order is reversed, on the law, with costs, and the appellant's motion is granted.

In February 2001, the petitioner entered into a residential lease with the New York City Housing Authority (hereinafter the NYCHA) to rent an apartment in Brooklyn, commencing on November 1, 2001. In June 2008, the NYCHA preferred written charges against the petitioner, alleging that she or an authorized occupant of her apartment possessed, sold, or attempted to sell cocaine and marijuana, and also possessed drug paraphernalia. Thereafter, a hearing before a NYCHA hearing officer was conducted. In written findings dated October 14, 2009, the Chief Hearing Officer of the NYCHA sustained the charges, concluded that the petitioner was an undesirable tenant, and recommended the imposition of the sanction of termination of the tenancy. In a written determination dated October 28, 2009, the NYCHA approved the Chief Hearing Officer's determination, and directed that the petitioner's tenancy be terminated. In a proceeding commenced by order to show cause, which was signed by a Justice of the Supreme Court on August 12, 2011, the petitioner challenged the determination dated October 28, 2009, terminating her tenancy.

"Unless a shorter [period of] time is provided in the law authorizing the proceeding, a proceeding against a body or officer must be commenced within four months after the determination to be reviewed becomes final and binding upon the petitioner" (CPLR 217 [1]). Here, the NYCHA submitted uncontroverted evidence that a copy of the determination dated October 29, 2009, was mailed to the petitioner on November 5, 2009. Therefore, the petitioner's time within which to commence a CPLR article 78 proceeding to review the determination expired four months after November 5, 2009, that is, on March 5, 2010 (see CPLR 217; General Construction Law § 30; *Matter of Richardson v New York City Hous. Auth.*, 89 AD3d 1091 [2011]). Therefore, the commencement of this proceeding in August 2011 was untimely. Contrary to the Supreme Court's conclusion, the NYCHA had no statutory or due process obliga

tion to notify the petitioner of the applicable limitations period (*see Matter of Sumpter v New York City Hous. Auth.*, 260 AD2d 176, 178 [1999]). Accordingly, the Supreme Court should have granted the NYCHA's motion pursuant to CPLR 3211 (a) and 7804 (f) to dismiss the petition on the ground that the proceeding was time-barred.

The parties' remaining contentions have been rendered academic by our determination. Dillon, J.P., Dickerson, Austin and Miller, JJ., concur.