■ In the Matter of 339 WEST 29TH STREET LLC, Appellant, v CITY OF NEW YORK et al., Respondents. FRIENDS OF HOPPER-GIBBONS UNDERGROUND RAILROAD SITE et al., Proposed Intervenors-Respondents. [4 NYS3d 193]—

Judgment, Supreme Court, New York County (Eileen A. Rakower, J.), entered August 8, 2013, denying the petition to annul the determination of respondent Board of Standards and Appeals (BSA), dated February 12, 2013, which required prior approval by the Landmarks Preservation Commission (LPC) for reinstatement of petitioner's building permit, granting respondents' cross motion for summary judgment, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.

BSA's determination that, in order to work at the site, petitioner was required to obtain the approval of the LPC, was rational and was not arbitrary and capricious (*see generally Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 231 [1974]). At the time of the designation of the historic district, the permit previously issued to petitioner had been revoked and there was no permit in place. Thus, pursuant to Administrative Code of City of NY § 25-305 (b) (1), petitioner was required to obtain approval from the LPC before obtaining a new permit or a reinstated permit for the work, and the exception outlined in Administrative Code § 25-321 was unavailable.

To the extent that petitioner challenges the Department of Buildings' revocation of the permit and BSA's purported failure to reinstate the permit, we note that petitioner never appealed the revocation of the permit, thereby failing to exhaust its administrative remedies (*see* CPLR 7801 [1]; *Lehigh Portland*

*Cement Co. v New York State Dept. of Envtl. Conservation*, 87 NY2d 136, 140 [1995]).

There is also no basis to apply the vested rights doctrine in this case, as a vested rights analysis is only appropriate where there is reliance on a valid permit and petitioner did not have such a permit at the time of the historic district designation (*see Matter of Perrotta v City of New York*, 107 AD2d 320, 325 [1st Dept 1985], *affd* 66 NY2d 859 [1985]).

We have considered petitioner's remaining contentions and find them unavailing. Concur—Friedman, J.P., Sweeny, Feinman and Clark, JJ.