In the Matter of PAUL FISHBEIN, Appellant, v NEW YORK CITY DEPARTMENT OF HOUSING AND PRESERVATION et al., Respondents. [55 NYS3d 376]—

In a proceeding pursuant to CPLR article 78 to review a de-

termination of the New York City Department of Housing Preservation and Development dated December 8, 2014, that the petitioner does not have succession rights to a certain Mitchell-Lama apartment, the petitioner appeals from a judgment of the Supreme Court, Queens County (Nahman, J.), entered June 9, 2015, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The petitioner's father lived in an apartment in a Mitchell-Lama housing development (*see* Private Housing Finance Law § 10 *et seq.*; hereinafter the Mitchell-Lama Law) in Rockaway Beach. The housing development was owned by Dayton Beach Park No. 1 Corp. (hereinafter Dayton Beach). The petitioner's father died on August 11, 2011. In 2014, Dayton Beach notified the petitioner that he was in violation of 28 RCNY 3-02 because he had not established that he was entitled to succession rights to the apartment. The petitioner then appealed to the New York City Department of Housing Preservation and Development (hereinafter the HPD) for a determination that he was entitled to succeed to the apartment. The HPD determined that the petitioner failed to prove his entitlement to succession rights to the apartment. The petitioner then commenced this CPLR article 78 proceeding to review the HPD's determination. The Supreme Court found that the petitioner failed to establish that the HPD's determination was arbitrary and capricious or an abuse of discretion, denied the petition, and dismissed the proceeding. The petitioner appeals. We affirm.

In this CPLR article 78 proceeding, the petitioner challenges an agency determination that was not made after a quasi-judicial hearing required by law and, thus, the standard of review is whether the HPD's determination was arbitrary and capricious or an abuse of discretion (*see Matter of Peckham v Calogero*, 12 NY3d 424, 431 [2009]; *Matter of Colton v Berman*, 21 NY2d 322, 329 [1967]; *Matter of Gottlieb v City of New York*, 129 AD3d 724, 725 [2015]). "An action is arbitrary and capricious when it is taken without sound basis in reason or regard to the facts" (*Matter of Peckham v Calogero*, 12 NY3d at 431).

The rules and regulations implementing the Mitchell-Lama Law in New York City set forth strict rules for tenant succession (*see* 28 RCNY 3-02 [p] [3]; *see also Matter of Schorr v New York City Dept. of Hous. Preserv. & Dev.*, 10 NY3d 776, 778 [2008]; *Matter of Miney v Donovan*, 68 AD3d 876 [2009]). The succession rights of family members of a tenant-of-record are governed by 28 RCNY 3-02 (p) (1) and (3). In relevant part, it must be established that the family member was listed on the

income affidavits for the subject apartment for at least two consecutive annual reporting periods immediately before the tenant-of-record permanently vacated the apartment, and that the family member resided with the tenant-of-record and used the apartment as his or her primary residence for the same time period (*see* 28 RCNY 3-02 [p] [3]).

The petitioner failed to satisfy these requirements. The relevant residency period here is from August 11, 2009, to August 11, 2011, the date the petitioner's father died (*see* 28 RCNY 3-02 [p] [3]). The petitioner was not listed as an occupant on the annual household income affidavit for the apartment for the year 2009, as required by 28 RCNY 3-02 (p) (3). Moreover, based on the record before us, it was not irrational for the HPD to conclude that the other documentation the petitioner submitted failed to establish that the apartment was the petitioner's primary residence during the required time period. Accordingly, the HPD's determination was not arbitrary and capricious, and the Supreme Court correctly denied the petition and dismissed the proceeding (*see Matter of Miney v Donovan*, 68 AD3d 876 [2009]). Dillon, J.P., Austin, Hinds-Radix and Maltese, JJ., concur.