Matter of Robbins v New York City Landmarks Preserv. Commn. (2019 NY Slip Op 07152)





Matter of Robbins v New York City Landmarks Preserv. Commn.


2019 NY Slip Op 07152


Decided on October 3, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 3, 2019

Acosta, P.J., Renwick, Manzanet-Daniels, Singh, JJ.


100647/18 -7027 9997

[*1]In re Richard Robbins, Petitioner-Appellant,
v
The New York City Landmarks Preservation Commission, Respondent-Respondent, 315 West 103 Enterprises LLC, et al., Intervenors-Respondents.


Richard Robbins, appellant pro se.
Zachary W. Carter, Corporation Counsel, New York (Daniel Matza-Brown of counsel), for New York City Landmarks Preservation Commission, respondent.
Goldberg Weg & Markus PLLC, New York (Steven A. Weg of counsel), for 315 West 103 Enterprises LLC and 315 West 103 St. Development LLC, respondents.



Judgment, Supreme Court, New York County (Arlene P. Bluth, J.), entered July 30, 2018, denying the petition seeking (1) to annul the determination of the New York City Landmarks Preservation Commission (Commission), dated January 19, 2018, which granted a certificate of no effect to intervenors, (2) to compel review of the application for a certificate of appropriateness, and (3) to direct the Commission to comply with petitioner's freedom of information request, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
This proceeding stems from a long-standing dispute over the expansion of intervenors' rowhouse, next door to petitioner's residence, for which a permit was originally issued in 2009 by nonparty New York City Department of Buildings (DOB). The area encompassing both properties was designated a historic district by respondent New York City Landmarks Preservation Commission (LPC) on June 23, 2015.
A writ of mandamus compelling LPC to conduct certificate of appropriateness review does not lie (CPLR 7803[1]). LPC is granted discretion to decide whether a certificate of no effect is appropriate, after considering "whether the proposed work would change, destroy or affect any exterior architectural feature of the improvement . . . in an historic district" (Administrative Code of City of NY § 25-306[a][1][a]), and whether a "new improvement . . . would affect or not be in harmony with the external appearance of other, neighboring improvements . . . in such district (id. at [a][1][b]). As such, LPC did not violate lawful procedure when it determined that the modifications proposed by intervenors in 2017 could be approved with a certificate of no effect by LPC staff (CPLR 7803[3]).
Similarly, the decision to grant a certificate of no effect was not arbitrary and capricious, based on the application submitted to LPC for modifications at the rear of the building and for replacement of the rooftop bulkhead (Administrative Code § 25-306[a][1]; former 63 RCNY §§ 2-15[b][1]-[2] & 2-19[e][1]; see Matter of Save America's Clocks, Inc. v City of New York, 33 NY3d 198, 207 [2019]; Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 232 [1974]).
Contrary to petitioner's contention, LPC was precluded from considering the propriety of improvements to the real property for which the DOB had issued a permit prior to the historic district designation (Administrative Code § 25-321). The permit was not revoked, and its [*2]expiration prior to designation did not render it invalid (compare Matter of 339 W. 29th St. LLC v City of New York, 125 AD3d 557, 557-558 [1st Dept 2015]).
As to petitioner's FOIL request, the issue was not ripe for judicial review at the time petitioner commenced this proceeding (CPLR 7801[1]). LPC responded within the appropriate time frame and petitioner agreed to a rolling production of documents, which was ongoing, as evidenced by the record (see Public Officers Law § 89[3][a]). Thus, petitioner is not entitled to litigation costs as a prevailing party (Public Officers Law § 89[4][c][i]). Alternatively, Supreme Court providently exercised its discretion in declining to award costs (id.).
We need not determine whether dismissal for failure to name intervenors as necessary parties was required (CPLR 1001).
M-7027 - Richard Robbins v The New York City Landmark Preservation Commission
Motion to enlarge record denied.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 3, 2019
CLERK