Matter of Baychester Retail III, LLC v City of New York (2022 NY Slip Op 00265)





Matter of Baychester Retail III, LLC v City of New York


2022 NY Slip Op 00265


Decided on January 18, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 18, 2022

Before: Manzanet-Daniels, J.P., Gische, Kern, Mazzarelli, Gesmer, JJ. 


Index No. 151514/20 Appeal No. 15102 Case No. 2020-04303 

[*1]In the Matter of Baychester Retail III, LLC, Petitioner-Respondent,
v
The City of New York et al., Respondents-Appellants.


Georgia M. Pestana, Corporation Counsel, New York (Mackenzie Fillow of counsel), for appellants.
Cyrulnik Fattaruso LLP, New York (Jason Cyrulnik of counsel), for respondent.



Judgment, Supreme Court, New York County (Eileen A. Rakower, J,), entered on or about September 15, 2020, which granted the petition to the extent of estopping the New York City Department of Buildings from revoking petitioner's existing permits based upon a letter from the Department of City Planning setting forth its interpretation of the boundary of the New England Thruway, and denied respondents' cross motion to dismiss the petition, unanimously reversed, on the law, the petition denied, respondents' cross motion granted, and the proceeding brought pursuant to CPLR article 78, dismissed, without costs.
Petitioner's claims are barred by the doctrine of ripeness. The Department of Buildings letter to petitioner, which indicated that it intended to revoke certain approvals, permits and signoffs unless petitioner demonstrated that they should not be revoked, did not constitute a final and binding agency determination which inflicted actual, concrete injury on petitioner (see Matter of Clair v City of New York, 144 AD3d 98, 108 [1st Dept 2016]; Cubas v Martinez, 33 AD3d 96, 103 [1st Dept 2006]). The essential nature of the proceeding may not be changed by characterizing petitioner's challenge to the agency's interpretation of the thruway border as one for a declaratory judgment when it is, in fact, an action cognizable under CPLR 7803 (see ABC Radio Network v State of New York Dept. of Taxation & Fin., 294 AD2d 213, 214 [1st Dept 2002]).
As an alternative holding, we find that petitioner failed to exhaust its administrative remedies, since it did not appeal to the Board of Standards and Appeals before commencing this proceeding (see Matter of 339 W. 29th St. LLC v City of New York, 125 AD3d 557, 557 [1st Dept 2015]). Petitioner failed to establish the applicability of any exception to the exhaustion requirement (see Watergate II Apts. v Buffalo Sewer Auth., 46 NY2d 52, 57 [1978]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 18, 2022