Matter of Parkhalyuk v Visnauskas (2026 NY Slip Op 00248)

Matter of Parkhalyuk v Visnauskas

2026 NY Slip Op 00248

Decided on January 21, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 21, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
WILLIAM G. FORD
LOURDES M. VENTURA
DONNA-MARIE E. GOLIA, JJ.

2024-01440
 (Index No. 508054/23)

[*1]In the Matter of Nataliya Parkhalyuk, etc., appellant
vRuthanne Visnauskas, etc., et al., respondents. 

Julius Toonkel, Brooklyn, NY, for appellant.
Letitita James, Attorney General, New York, NY (Anthony R. Raduazo and Mark S. Grube of counsel), for respondents Ruthanne Visnauskas and New York State Division of Housing and Community Renewal.
Tane Waterman & Wurtzel, P.C., New York, NY (Kim D. Victor of counsel), for respondent Bayridge Air Rights, Inc.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of the New York State Division of Housing and Community Renewal dated November 17, 2022, that the petitioner and her infant daughter do not have succession rights to a certain Mitchell-Lama apartment, the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Kings County (Aaron D. Maslow, J.), dated October 20, 2023. The order and judgment granted the cross-motion of the respondents Ruthanne Visnauskas and New York State Division of Housing and Community Renewal to dismiss the proceeding, denied the petition, and dismissed the proceeding.
ORDERED that the order and judgment is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.
"Judicial review of administrative determinations that were not made after a quasi-judicial hearing is limited to whether the determination was made in violation of lawful procedure, was affected by an error of law, or was arbitrary and capricious or an abuse of discretion" (Matter of Riverside Tenants Assn. v New York State Div. of Hous. & Community Renewal, 133 AD3d 764, 766, citing CPLR 7803[3]; see Matter of Murphy v New York State Div. of Hous. & Community Renewal, 21 NY3d 649, 652; Matter of Sasso v Osgood, 86 NY2d 374, 384). "An action is arbitrary and capricious when it is taken without sound basis in reason or regard to the facts" (Matter of Murphy v New York State Div. of Hous. & Community Renewal, 21 NY3d at 652 [internal quotation marks omitted]; Matter of 9215 Realty, LLC v State of N.Y. Div. of Hous. & Community Renewal, 136 AD3d 925, 925 [internal quotation marks omitted]).
Contrary to the petitioner's contention, there was a rational basis for the determination by the New York State Division of Housing and Community Renewal (hereinafter DHCR) that the petitioner and her infant daughter do not have succession rights to a Mitchell-Lama (see Private Housing Finance Law § 10 et seq.) apartment occupied by the petitioner's aunt prior to her death. Based on the record before us, it was not irrational for DHCR to conclude that the documentation [*2]submitted by the petitioner failed to establish that the apartment was the primary residence of the petitioner and her daughter for the required two-year period prior to the date that the petitioner's aunt died (see 9 NYCRR 1727-8.2) and that the petitioner and her daughter were "family members" of the aunt as defined by 9 NYCRR 1700.2(a)(7). Accordingly, DHCR's determination was not arbitrary and capricious, and the Supreme Court properly granted the cross-motion to dismiss the proceeding, denied the petition, and dismissed the proceeding (see Matter of Fishbein v New York City Dept. of Hous. & Preserv., 150 AD3d 1111, 1113).
The petitioner's remaining contentions are either without merit or improperly before this Court.
BARROS, J.P., FORD, VENTURA and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court