In the Matter of ELLA M. BARRY, Respondent, against ANDREW W. MULRAIN, as Treasurer and Trustee of the Relief and Pension Fund of the Department of Street Cleaning of the City of New York, Appellant.

First Department, December 10, 1957.

*Henry J. Shields* of counsel (*Seymour B. Quel* with him on the brief; *Peter Campbell Brown, Corporation Counsel,* attorney), for appellant.

*Samuel Resnicoff* for respondent.

*Per Curiam.* Petitioner has brought this article 78 proceeding to compel respondent to grant her a widow's pension from the pension fund of the department of street cleaning of the City of New York. She alleges that she married a former member of the department after his retirement, and that after his death in 1939 she filed an application for a widow's pension. It is clear that the granting of a pension to petitioner under the then applicable law, section 552 of the Greater New York Charter, was in the " discretion " of respondent. The allegations of the petition, dated December 20, 1956, with respect to the action taken by respondent on petitioner's application, are " That at no time did petitioner receive an official communication from the Department of Street Cleaning advising her that her application had been denied "; that since the death of petitioner's husband in 1939 she has made numerous demands upon respondent to award her a pension; that in the absence of an official communication from the department she called at the offices of the department and was advised that her " application was not being acted upon because when she married the said Michael James Barry, the latter had already been retired from active duty on a pension."

Naturally respondent moved to dismiss the petition on the ground that the proceeding was not timely instituted. The

court at Special Term denied the motion, stating that as the department took no action upon the application, the time for commencement of this proceeding could not commence to run.

We cannot agree with Special Term. In the first place, the petition makes clear that there was not mere inaction on the part of respondent but an effective denial of the application for a pension with a statement of the reason why respondent was not acting upon the application. In the second place, if the position taken by the department in reference to the application is regarded as inaction rather than as action, the period in which to institute an article 78 proceeding would still commence to run within a reasonable time after the matter was submitted to it. We need not decide in this connection whether or not the ordinary four months' period would be a reasonable time (*Matter of Amsterdam City Hosp.* v. *Hoffman,* 278 App. Div. 292; *Matter of Cravatts* v. *Klozo Fastener Corp.,* 282 App. Div. 1014). The delay of years indulged in by petitioner far exceeded any reasonable time.

The order appealed from should be reversed and the petition dismissed, with costs to appellant.

PECK, P. J., BREITEL, BOTEIN, FRANK and VALENTE, JJ., concur.

Order unanimously reversed on the law, with $20 costs and disbursements to the appellant, and the petition dismissed, with $10 costs.