■ In the Matter of DeFoe Corp. and American Bridge Company, a Joint Venture, Appellant, v New York City Department of Transportation et al., Respondents. [624 NYS2d 833] —Judgment, Supreme Court, New York County (William Davis, J.), entered on or about May 11, 1994, unanimously affirmed for the reasons stated by Davis, J., without costs and disbursements. No opinion. Concur—Ellerin, J. P., Wallach, Kupferman, Asch and Mazzarelli, JJ.

■ In the Matter of Ozzie Johnson, Appellant, v State of New York Division of Housing and Community Renewal et al., Respondents. [624 NYS2d 417] —Judgment (denonimated an order), Supreme Court, New York County (Bruce McM. Wright, J.), entered May 25, 1994, confirming respondent agency's determination dated November 24, 1993, and, upon the respondents' cross-motion, dismissing the petition brought pursuant to CPLR article 78 seeking to annul the determination of the respondent agency, that the petitioner did not have a right of succession to the instant apartment, unanimously affirmed, without costs.

Petitioner failed to provide sufficient documentation that he has fulfilled the two-year residency requirement pursuant to 9 NYCRR 1727-8.3 (a) and 1727-8.2 (a) (5). Notably, petitioner was not listed on the income affidavit, which had he been listed would have warranted either an eviction of the former tenant or at least a substantial rent surcharge, which undermines his residency claim *(Matter of Ferriolo v Department of Hous. Preservation & Dev.,* 176 AD2d 159). It is of no avail to petitioner that he denies any personal knowledge of such omission. Concur—Ellerin, J. P., Wallach, Kupferman, Asch and Mazzarelli, JJ.