■ In the Matter of JANICE GARCIA, Respondent, v RUBEN FRANCO, as Chair of the New York City Housing Authority, et al., Appellants. In the Matter of GISELA RODRIGUEZ, Respondent, v RUBEN FRANCO, as Chair of the New York City Housing Authority, et al., Appellants. [670 NYS2d 436] —Judgment, Supreme Court, New York County (Stuart Cohen, J.), entered October 7, 1996, which annulled respondents' determination that petitioner Rodriguez was not entitled to a "remaining family member" grievance hearing because she was not current in paying use and occupancy, and remanded the matter for a fair hearing, unanimously reversed, on the law, without costs, the petition denied, the determination confirmed and the proceeding dismissed, and any stay of collateral eviction proceedings vacated.

Appeal from judgment, same court and Justice, entered July 9, 1997, which similarly annulled respondents' determination

with respect to petitioner Garcia, unanimously dismissed, without costs, as moot.

At issue in the Rodriguez appeal is the validity of respondent Housing Authority's rule (New York City Housing Authority [NYCHA] Management Manual, ch VII, § E [1] [c] [2]) requiring continued payment of use and occupancy as a condition precedent to commencement of a grievance on entitlement to status as a remaining family member. At the time of both the initially scheduled administrative hearing and a subsequent hearing some five months later, petitioner Rodriguez had failed to pay any use and occupancy charges, and her arrears had by then exceeded $5,800. At the adjourned hearing, the Administrative Law Judge dismissed her grievance based solely on this default in payment, without reaching the merits. She then brought this CPLR article 78 proceeding.

The motion court granted the petition and held that dismissal of the grievance for failure to pay use and occupancy was arbitrary and capricious on the ground that the rule discriminated against the poor. The court further opined that the dismissal placed petitioner Rodriguez in a "Catch-22" situation, inasmuch as the Department of Social Services (DSS) would not publicly assist her rent obligation without a lease, and without such payment she was deprived of access to the grievance machinery that could provide such a lease.

There is nothing in the record before us that could support such a finding. On the contrary, respondents' staff had warned petitioner Rodriguez of the requirement at the outset, and had offered to assist her in preparing an application to DSS for financial relief. Available to us now on the argument of this consolidated appeal is proof that petitioner Garcia had cooperated with respondent and DSS, and by doing so had obtained the necessary funds to pay her arrears and thus qualify for a fair hearing.

At the administrative level, petitioner Rodriguez rested entirely upon her contention that the cited rule in the NYCHA Management Manual was facially illegal in that it added a condition to tenant relief that was in conflict with the Federal program of assisted housing (United States Housing Act of 1937, 42 USC § 1437 *et seq.*) and its applicable regulations on grievance procedure (24 CFR 966.50 *et seq.*). We note that another portion of this same rule in the Management Manual (requiring a preliminary showing of merit as a condition precedent to a hearing) was upheld as valid in *Matter of Henderson v Popolizio* (76 NY2d 972), notwithstanding a similar due process and statutory challenge.

Essentially, petitioner Rodriguez argues that because section 9 of respondent NYCHA's Grievance Procedures and 24 CFR 966.55 (e) require a tenant of record in contest with the Authority to continue to pay rent while litigating the dispute, this defines the only occasion where current rent, or use and occupancy, must be paid. Such contention is palpably without merit. It is equivalent to the argument that where a lease permits a landlord entry to repair interior walls, the landlord would be precluded from fixing windows. Clearly, what may be required of a lawful tenant in residence may, a fortiori, also be required of a possibly illegal occupant who would prefer to live rent free while litigating her right to possession through the 3-tiered administrative review process and into the courts.

We have considered petitioner Rodriguez's other arguments and find them without merit. Accordingly, the Rodriguez petition must be dismissed.

The issue in the companion case has been resolved by petitioner Garcia's payment of occupancy arrears. Accordingly, that appeal is dismissed as moot. Concur—Milonas, J. P., Rosenberger, Wallach, Williams and Mazzarelli, JJ.