In the Matter of VICENTE RIVERA, Petitioner, v NEW YORK CITY HOUSING AUTHORITY, Respondent. [876 NYS2d 3]—

Determination of respondent, dated January 3, 2007, which denied petitioner's grievance seeking to succeed to the tenancy of the deceased tenant as a remaining family member, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County, Richard F. Braun, J., entered Oct. 15, 2007), dismissed, without costs.

The determination is supported by substantial evidence. Petitioner did not qualify as a remaining family member, since he did not enter the apartment lawfully, respondent never gave the tenant of record written permission for petitioner to join her household, and petitioner acknowledged that no such permission was ever obtained prior to the tenant's death (*see Jamison v New York City Hous. Auth.-Lincoln Houses*, 25 AD3d 501, 502 [2006]). The record, including, inter alia, the annual income affidavits submitted by the tenant of record from 1995 until her death in 2001 and her transfer request to respondent two years prior to her death, showed that she listed only herself and her minor daughter as occupants of the apartment. The housing assistant also testified that the tenant's folder contained no indication that she ever requested respondent's permission for petitioner to move into the subject apartment (*see Matter of Abreu v New York City Hous. Auth. E. Riv. Houses*, 52 AD3d 432, 433 [2008]).

Petitioner's argument that both he and the tenant of record were unable to register his occupancy because of respondent's failure to make reasonable accommodations for their severe disabilities in violation of the Americans with Disabilities Act (ADA) (*see* 42 USC § 12132) is unavailing. Petitioner cannot invoke the Act because he is not a "qualified individual with a

disability" as that term is defined (*see* 42 USC § 12131 [2]), since he does not meet the essential eligibility requirements for admission into public housing, i.e., he never submitted an application for public housing, he was neither born nor adopted into an existing tenancy, and the tenant of record never applied for or obtained respondent's written permission for his occupancy. Furthermore, even if petitioner was a "qualified individual," both the lease and respondent's rules and regulations place the obligation on the tenant of record to obtain written permission before allowing someone to move into the apartment.

Petitioner's attempt to invoke the ADA on behalf of the tenant of record (his companion) fails since he does not have standing to assert such a claim (*see Willson v Association of Graduates of U.S. Military Academy*, 946 F Supp 294, 296 [SD NY 1996]). In any event, although the evidence at the hearing established that the tenant was physically debilitated because of cancer, no evidence was presented to indicate that she lacked the mental capacity to request written permission for petitioner's occupancy. The tenant remained in telephone contact with her housing assistant as recently as two weeks before her death, and at no time did she mention petitioner's occupancy. There is also no explanation as to why the tenant was unable to seek written permission to add petitioner to her household at any time between 1995 when he allegedly moved in, and the onset of her illness in 1998. Concur—Friedman, J.P., Nardelli, Catterson and DeGrasse, JJ.