■ In the Matter of VICTOR VALENTIN, Appellant, v NEW YORK CITY HOUSING AUTHORITY et al., Respondents. [898 NYS2d 130]—

Order, Supreme Court, New York County (Carol R. Edmead, J.), entered January 13, 2009, which denied petitioner's CPLR article 78 petition and dismissed the proceeding in which he sought to annul a determination of respondent New York City Housing Authority (NYCHA), dated March 19, 2008, denying his remaining family member (RFM) grievance, unanimously affirmed, without costs.

Petitioner, having undisputedly lived with his grandmother in the subject apartment for many years, albeit without authorization, has standing to bring this article 78 proceeding (*Via v Franco*, 223 AD2d 479 [1996]). Nonetheless, NYCHA's finding that petitioner did not qualify for RFM status is supported by substantial evidence and has a rational basis in the record (*see Matter of Purdy v Kreisberg*, 47 NY2d 354, 358 [1979]). The record supports the agency's finding that petitioner did not become an authorized occupant of his grandmother's apartment prior to her death in 2004. Petitioner's arguments notwithstanding, the agency's denial of his grandmother's 1995 application to add him as an authorized occupant was final and the applicable four-month statute of limitations has long since expired. As to

the agency's denial of his grandmother's second application in 1998, even assuming that neither petitioner nor his grandmother received notice of that denial, petitioner makes no challenge to the substance of that determination, which was based on his ineligibility due to a prior criminal conviction.

We have considered petitioner's other arguments and find them unavailing. Concur—Andrias, J.P., Saxe, Catterson, Freedman and Abdus-Salaam, JJ.