■ In the Matter of KRISS HAWTHORNE, Appellant, v NEW YORK CITY HOUSING AUTHORITY, Respondent. [916 NYS2d 55]—

Order, Supreme Court, New York County (Michael D. Stallman, J.), entered January 14, 2010, which granted the cross motion of respondent New York City Housing Authority pursuant to CPLR 3211 (a) (7) and dismissed the petition challenging respondent's determination that petitioner was not entitled to a "remaining family member" grievance hearing, unanimously affirmed, without costs.

Since respondent Housing Authority's rule (New York City Housing Authority [NYCHA] Management Manual, ch VII, § IV [E] [1] [c] [2]) requires continued payment of use and occupancy as a condition precedent to commencement of a grievance on

entitlement to status as a remaining family member, petitioner's acknowledgment that he had failed to pay use and occupancy charges provided grounds for respondent's determination (*see Matter of Garcia v Franco*, 248 AD2d 263, 264-265 [1998]).

Additionally, petitioner's relationship, as godson to the deceased tenant, is not within the Housing Authority's category of immediate relatives who are able to obtain permanent permission to occupy an apartment and succeed to a deceased tenant's lease (*see* NYCHA Management Manual, ch IV). There is no provision for permitting a tenant's godson to succeed to a lease; thus, the denial of petitioner's grievance without a hearing was not arbitrary and capricious (*see Matter of Goldman v New York City Hous. Auth.*, 63 AD3d 532 [2009], *lv denied* 14 NY3d 701 [2010]).

Finally, Housing Authority policy requires a tenant to make a written request to the manager to have a relative or other family member become either a legally authorized permanent household member or a cotenant, a policy consistently enforced by this Court (*see e.g. Matter of Edwards v New York City Hous. Auth.*, 67 AD3d 441 [2009]). Here, the deceased tenant did not obtain written permission to add petitioner to the household, and he was not listed on the affidavits of income or the tenant data summary. Accordingly, the court properly dismissed the petition, as any hearing would have been futile. Concur—Andrias, J.P., Sweeny, Moskowitz, DeGrasse and Abdus-Salaam, JJ.