■ In the Matter of LOUANN FILONUK, Appellant, v JOHN B. RHEA, as Chairperson of the New York City Housing Authority, Respondent. [922 NYS2d 367]—

Order, Supreme Court, New York County (Paul Wooten, J.), entered October 19, 2010, which denied the petition seeking to annul New York City Housing Authority's (NYCHA) determination, dated December 16, 2009, denying petitioner's remaining family member (RFM) grievance, and dismissed this proceeding brought pursuant to CPLR article 78, unanimously vacated, the petition treated as one transferred to this Court for de novo review, and upon such review, the challenged determination confirmed, the petition denied and the proceeding dismissed, without costs.

The subject petition raised an issue of substantial evidence and thus the proceeding should have been transferred to this Court pursuant to CPLR 7804 (g). Accordingly, we will "treat the substantial evidence issues de novo and decide all issues as if the proceeding had been properly transferred" (*Matter of Jimenez v Popolizio*, 180 AD2d 590, 591 [1992]).

The determination that petitioner did not qualify for RFM status is supported by substantial evidence and has a rational basis in the record (*see* CPLR 7803 [4]; *Matter of Purdy v Kreisberg*, 47 NY2d 354, 358 [1979]). The record supports the agency's finding that petitioner did not become an authorized occupant of her mother's apartment prior to her death in 2006

(*see Matter of Valentin v New York City Hous. Auth.*, 72 AD3d 486, 486 [2010]). Although NYCHA's written consent requirement is not a formal rule or regulation, petitioner was required to obtain such consent in order to be entitled to RFM status (*see Matter of Abdil v Martinez*, 307 AD2d 238, 241-242 [2003]).

Contrary to petitioner's contention, there is no evidence that NYCHA knew or implicitly approved of her occupancy in the apartment (*see Matter of McFarlane v New York City Hous. Auth.*, 9 AD3d 289, 291 [2004]). Petitioner was not listed on her mother's affidavits of income, data summary, or any other tenant records.

Petitioner lacked standing to assert an Americans with Disabilities Act claim on her mother's behalf (*see Matter of Rivera v New York City Hous. Auth.*, 60 AD3d 509, 510 [2009]). She also lacked standing to assert a claim based on associational discrimination; there was no evidence that she sustained an independent injury causally related to the denial of federally required services to her disabled mother (*cf. Loeffler v Staten Is. Univ. Hosp.*, 582 F3d 268, 279-280 [2d Cir 2009, Wesley, J., concurring]).

We have considered petitioner's remaining contentions and find them unavailing. Concur—Mazzarelli, J.P., Sweeny, DeGrasse, Richter and Manzanet-Daniels, JJ.