■ In the Matter of ORIETTA ECHEVERRIA, Appellant, v NEW YORK CITY HOUSING AUTHORITY, Respondent. [925 NYS2d 485]—

Judgment, Supreme Court, New York County (Manuel J. Mendez, J.), entered August 17, 2010, which denied the CPLR article 78 petition and dismissed the proceeding to annul

respondent's determination, dated June 3, 2009, denying petitioner's "remaining family member" grievance, unanimously affirmed, without costs.

Petitioner does not qualify as a remaining family member because she did not enter the apartment lawfully, and never received written permission for permanent occupancy from housing management (*see Matter of Valentin v New York City Hous. Auth.*, 72 AD3d 486, 487 [2010]; *Matter of Abreu v New York City Hous. Auth. E. Riv. Houses*, 52 AD3d 432 [2008]; *Jamison v New York City Hous. Auth.-Lincoln Houses*, 25 AD3d 501, 502 [2006]). Indeed, the record shows that the tenant of record's (petitioner's mother) permanent permission request to add petitioner as a permanent occupant had been denied on the ground that petitioner was too young to reside in a "senior building." The record affords no legal basis for relieving petitioner of the written notice requirement, as she failed to demonstrate that respondent knew or implicitly approved of her residency in the apartment (*see Matter of McFarlane v New York City Hous. Auth.*, 9 AD3d 289, 291 [2004]). Even if the permanent permission request had been approved, petitioner could not have fulfilled the one-year occupancy rule, as her mother submitted the request only two months before her death (*see Matter of Torres v New York City Hous. Auth.*, 40 AD3d 328, 330 [2007]).

Petitioner's argument that respondent should afford her mother, who suffered from rheumatoid arthritis, the "reasonable accommodation" of permitting an amendment to the mother's affidavit of income to reflect petitioner's occupancy is unavailing, as petitioner does not have standing to invoke the Americans with Disabilities Act (42 USC § 12132) on behalf of her mother (*see Matter of Rivera v New York City Hous. Auth.*, 60 AD3d 509, 510 [2009]). Further, although the evidence shows that the deceased was physically disabled and required petitioner's sister to prepare and sign documents on her behalf, no evidence indicates that she lacked the mental capacity to ensure that the affidavit was properly completed. In any event, respondent's determination is supported by substantial evidence even without the affidavit.

We have reviewed petitioner's remaining contentions and find them unavailing. Concur—Mazzarelli, J.P., Andrias, Moskowitz, Richter and Abdus-Salaam, JJ.