RAMONA ROSELLO, Petitioner, v JOHN B. RHEA et al., Respondents. [931 NYS2d 873]—

The determination has a rational basis and is supported by substantial evidence (*see 300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 180-181 [1978]). Petitioner admits and the record reflects that her deceased husband, the tenant of record, never received written consent for her to reside in his apartment, and that she was not an authorized occupant of the apartment for a one-year period before his death (*Matter of Echeverria v New York City Hous. Auth.*, 85 AD3d 580, 581 [2011]; *Matter of Rivera v New York City Hous. Auth.*, 60 AD3d 509, 509 [2009]). The record does not support petitioner's claim that before the tenant of record's death, he asked respondent for assistance in adding petitioner to his household. In any event, respondent may not be estopped from denying RFM status even if it, among other things, failed to assist the tenant of record with the necessary forms or was aware of petitioner's occupancy (*Matter of Schorr v New York City Dept. of Hous.*

*Preserv. & Dev.*, 10 NY3d 776, 779 [2008]; *Matter of Edwards v New York City Hous. Auth.*, 67 AD3d 441, 442 [2009]).

We reject petitioner's argument that respondent violated federal, city and state discrimination laws by failing to make reasonable accommodations for her and the tenant of record's disabilities. Petitioner lacks standing to assert disability claims on the tenant of record's behalf (*see Matter of Filonuk v Rhea*, 84 AD3d 502, 503 [2011]). Further, petitioner's alleged disability is irrelevant since, as she concedes, under respondent's rules, only the tenant of record could have requested and obtained written permission for her occupancy (*see Rivera*, 60 AD3d at 510). Concur—Mazzarelli, J.P., Saxe, Acosta, DeGrasse and Manzanet-Daniels, JJ.