■ In the Matter of RELLY ADLER, Appellant, v NEW YORK CITY HOUSING AUTHORITY, Respondent. [943 NYS2d 892]—

Order and judgment (one paper), Supreme Court, New York County (Anil C. Singh, J.), entered March 29, 2011, which denied the petition brought pursuant to CPLR article 78, seeking to annul respondent's determination dated May 5, 2010, denying petitioner succession rights, as a remaining family member to the subject apartment, and dismissed the proceeding, unanimously affirmed, without costs.

Petitioner did not sustain her burden of establishing entitlement to succession rights as a remaining family member to the apartment held by her husband, because the record demonstrates that her occupancy was not pursuant to respondent's written permission, nor was it reflected in the affidavits of income submitted by her husband to respondent (*see Matter of Echeverria v New York City Hous. Auth.*, 85 AD3d 580 [2011]; *Matter of Abreu v New York City Hous. Auth. E. Riv. Houses*, 52 AD3d 432 [2008]).

Given the fact that petitioner cannot show that her husband, as the tenant of record, received written consent for her to reside in the apartment and that she was an authorized occupant of the apartment for a one-year period before his death, respondent's decision to deny her remaining family member status was neither arbitrary nor capricious (*see Matter of Torres v New York City Hous. Auth.*, 40 AD3d 328, 330 [2007]). Even if NYCHA were aware she was residing there, the agency is not estopped from denying her remaining-family-member status (*see Rosello v Rhea*, 89 AD3d 466, 466-467 [2011]). Moreover, the payment of rent did not confer legitimacy on petitioner's occupation of the apartment (*see Matter of Barnhill v New York City Hous. Auth.*, 280 AD2d 339, 339 [2001]). Concur—Tom, J.P., Sweeny, Renwick, Freedman and Abdus-Salaam, JJ. **[Prior Case History: 31 Misc 3d 1205(A), 2011 NY Slip Op 50499(U).]**