■ In the Matter of KWAN FONG FUNG et al., Appellants, v NEW YORK CITY HOUSING AUTHORITY, Respondent. [952 NYS2d 21]—

The determination that petitioners did not qualify as remaining family members for purposes of succession rights to the subject apartment has a rational basis. The evidence shows that

petitioner Kwan Fong Fung did not become an authorized occupant of her father's apartment prior to his death in 2009 (*see Matter of Valentin v New York City Hous. Auth.*, 72 AD3d 486 [1st Dept 2010]).

Contrary to petitioners' contention, respondent did not implicitly approve of their residence in the subject apartment. A governmental agency cannot be estopped from discharging its statutory duties when a claimant does not meet the eligibility requirements for succession rights to an apartment, even if the managing agent acquiesced in an unauthorized occupancy (*see Matter of Schorr v New York City Dept. of Hous. Preserv. & Dev.*, 10 NY3d 776, 778-779 [2008]; *Matter of Adler v New York City Hous. Auth.*, 95 AD3d 694, 695 [1st Dept 2012]). Moreover, petitioners' age, declining health, and claim that they have nowhere else to live are mitigating factors and hardships that the hearing officer was not required to consider (*see Matter of Fermin v New York City Hous. Auth.*, 67 AD3d 433 [1st Dept 2009]). Nor did the payment of rent by petitioners confer succession rights to them (*see Matter of Muhammad v New York City Hous. Auth.*, 81 AD3d 526, 527 [1st Dept 2011]; *see also Matter of Garcia v Franco*, 248 AD2d 263, 264-265 [1st Dept 1998], *lv denied* 92 NY2d 813 [1998]).

Finally, despite petitioners' compelling living situation, this Court has no interest of justice authority in reviewing the agency's determination (*see Matter of Featherstone v Franco*, 95 NY2d 550, 554 [2000]).

We have considered petitioners' remaining contentions and find them unavailing. Concur—Andrias, J.P., Sweeny, Catterson, Moskowitz and Manzanet-Daniels, JJ.