In the Matter of MAGALI PEREZ, Appellant, v NEW YORK CITY HOUSING AUTHORITY, Respondent. [952 NYS2d 876]—

Respondent's determination has a rational basis. The evidence shows that petitioner did not become an authorized occupant of her grandmother's apartment prior to the latter's death in February 2007 (*see Matter of Valentin v New York City Hous. Auth.*, 72 AD3d 486 [1st Dept 2010]). Even if the grandmother's Permanent Permission Request to add petitioner and petitioner's daughter to her family composition had not been denied, petitioner would still have been ineligible for

remaining-family-member status, since the request was submitted only weeks before the grandmother died and petitioner would not have satisfied the one-year continuous authorized occupancy requirement (*see Matter of Daniels v New York City Hous. Auth.*, 66 AD3d 579 [1st Dept 2009]).

Contrary to petitioner's contention, respondent did not implicitly approve of her residence in the apartment. A governmental agency cannot be estopped from discharging its statutory duties when a claimant does not meet the eligibility requirements for succession rights to the apartment, even if the managing agent acquiesced in petitioner's occupancy (*see Matter of Schorr v New York City Dept. of Hous. Preserv. & Dev.*, 10 NY3d 776 [2008]; *Taylor v New York State Div. of Hous. & Community Renewal*, 73 AD3d 634 [1st Dept 2010]). Moreover, petitioner's mental health and her status as a single parent whose daughter is asthmatic are mitigating factors and hardships that the hearing officer was not required to consider (*see Matter of Fermin v New York City Hous. Auth.*, 67 AD3d 433 [1st Dept 2009]). Nor did the payment of rent by petitioner confer succession rights on her (*see Matter of Adler v New York City Hous. Auth.*, 95 AD3d 694 [1st Dept 2012]).

We have considered petitioner's remaining contentions and find them unavailing. Concur—Gonzalez, P.J., Moskowitz, Acosta, Freedman and Abdus-Salaam, JJ.