Regardless of whether this proceeding was properly transferred to this Court (see CPLR 7804 [g]), we retain jurisdiction of it in the interest of judicial economy (see Matter of Sexton v Kelly, 95 AD3d 544 [1st Dept 2012]).
Petitioners failed to demonstrate that the tenant of record received written consent for them to reside in the subject apartment and that they were authorized occupants of the apartment for a one-year period before the tenant of record’s death. Thus, respondent’s decision to deny petitioners remaining family member status was not arbitrary and capricious (see Matter of Adler v New York City Hous. Auth., 95 AD3d 694 [1st Dept 2012]). Even if respondent apparently acquiesced in petitioners’ residency in the apartment, he is not estopped from denying them remaining family member status (see Matter of Schorr v New York City Dept. of Hous. Preserv. & Dev., 10 NY3d 776, 779 [2008]).
The hearing officer correctly concluded that petitioners lack standing to argue that they are exempt from respondent’s remaining family member policy because respondent failed to *423 comply with the notice provisions of the deceased tenant’s lease. Petitioners were not parties to the lease and had no other contractual relationship with respondent (see Matter of Lakins v New York City Holts. Auth., 67 AD3d 604 [1st Dept 2009]). Moreover, the evidence supports the conclusion that petitioners had actual notice of the policy requiring management’s written permission before they could become authorized occupants of the apartment.
We have considered petitioners’ remaining arguments and find them unavailing. Concur — Saxe, J.P., Friedman, Acosta, Renwick and Freedman, JJ.