Determination of respondent, New York City Housing Author *477 ity (NYCHA), dated March 16, 2011, denying petitioner’s grievance challenging the denial of his request for succession rights to his deceased wife’s public housing unit as a purported remaining family member, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of Supreme Court, New York County [Donna M. Mills, J.], entered on or about October 12, 2011), dismissed, without costs.
The evidence at the hearing established by overwhelming evidence, largely undisputed, that petitioner left the household either in 1988 or 1992, and was removed from the lease. In February 2009, he and his wife sought permission from respondent to have petitioner rejoin the household. However, as of November 2009, the time of his wife’s death, that permission had not yet been granted, as petitioner had not yet signed the application and necessary documentation, which the agency had requested. Nor was petitioner’s income reflected on any of the annual affidavits of income for the household, for nearly two decades. Under these circumstances, petitioner failed to sustain his burden of establishing that he was entitled to succession rights to the apartment held by his wife, as a remaining family member (see Matter of Adler v New York City Hous. Auth., 95 AD3d 694 [1st Dept 2012]; Matter of Echeverría v New York City Hous. Auth., 85 AD3d 580 [1st Dept 2011]). Additionally, as the Hearing Officer found, even if the incomplete application to rejoin the household had been immediately granted in February 2009, petitioner would still not have resided lawfully in the apartment for the requisite minimum of one year prior to his wife’s death, to entitle him to remaining family member succession rights (see Matter of Torres v New York City Hous. Auth., 40 AD3d 328, 330 [1st Dept 2007]).
Finally, the arguments raised by petitioner on appeal were not raised at the administrative level, and are not properly before us (see Matter of Yarbough v Franco, 95 NY2d 342, 347 [2000]; Matter of Quinones v New York City Hous. Auth., 99 AD3d 473 [1st Dept 2012]). Concur — Mazzarelli, J.E, Saxe, DeGrasse, Manzanet-Daniels and Clark, JJ.