■ In the Matter of MOGID SAAD, Appellant, v NEW YORK CITY HOUSING AUTHORITY, Respondent. [964 NYS2d 136]—

Judgment, Supreme Court, New York County (Manuel J. Mendez, J.), entered April 24, 2012, denying the petition seeking to annul respondent's determination, dated September 21, 2011, which denied, after a hearing, petitioner's remaining family member grievance, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously reversed, on the law, without costs, the judgment vacated, the petition treated as one transferred to this Court for de novo review, and, upon such review, the determination confirmed, the petition denied, and the proceeding dismissed.

The petition raises an issue of substantial evidence and therefore the proceeding should have been transferred to this Court pursuant to CPLR 7804 (g). Accordingly, we will "treat the substantial evidence issues de novo and decide all issues as if the proceeding had been properly transferred" (*Matter of Jimenez v Popolizio*, 180 AD2d 590, 591 [1st Dept 1992]).

The determination that petitioner does not qualify as a remaining family member is supported by substantial evidence. The record shows that petitioner was granted written permission to reside in the subject apartment with his wife in January 2007 and that petitioner's wife passed away in August 2007. Thus, petitioner did not occupy the apartment, pursuant to the written permission of respondent, for one year prior to the death of his wife (the tenant of record) (*see Matter of Echeverria v New York City Hous. Auth.*, 85 AD3d 580, 581 [1st Dept 2011]). That the determination may present a hardship for petitioner does not provide a basis to annul the determination (*see Matter of Guzman v New York City Hous. Auth.*, 85 AD3d 514 [1st Dept 2011]). Concur—Tom, J.P., Sweeny, Renwick, Abdus-Salaam and Manzanet-Daniels, JJ.