■ In the Matter of DELILAH FIRPI, Appellant, v NEW YORK CITY HOUSING AUTHORITY, Respondent. [967 NYS2d 352]—

Judgment, Supreme Court, New York County (Judith J. Gische, J.), entered November 29, 2011, denying the petition seeking to annul respondent's determination, dated December 22, 2010, which denied, after a hearing, petitioner's remaining family member (RFM) grievance, and dismissing this proceeding brought pursuant to CPLR article 78, unanimously vacated, the petition treated as one transferred to this Court for de novo review, and, upon such review, respondent's determination unanimously confirmed, the petition denied, and the proceeding dismissed, without costs.

Supreme Court treated the subject pro se petition as raising an issue of substantial evidence. Thus, the proceeding should have been transferred to this Court pursuant to CPLR 7804 (g). Accordingly, we will treat the substantial evidence issue de novo

and decide all issues as if the proceeding had been properly transferred (see Matter of Filonuk v Rhea, 84 AD3d 502, 502 [1st Dept 2011]).

The determination denying petitioner succession rights is supported by substantial evidence (Matter of Purdy v Kreisberg, 47 NY2d 354, 358 [1979]). Petitioner conceded that her mother, the tenant of record, had never obtained respondent's written consent for her occupancy, and that she did not occupy the apartment for one year prior to her mother's death (see Matter of Guzman v New York City Hous. Auth., 85 AD3d 514 [1st Dept 2011]). Although the denial of RFM status may present a hardship for petitioner and her family, mitigating factors do not provide a basis for annulling respondent's determination (id.). Nor may estoppel be invoked against respondent (see Matter of Parkview Assoc. v City of New York, 71 NY2d 274, 282 [1988], cert denied 488 US 801 [1988]; Matter of Kolarick v Franco, 240 AD2d 204, 204 [1st Dept 1997]). Concur—Tom, J.P., Moskowitz, Richter, Manzanet-Daniels and Clark, JJ.