Determination of respondent New York City Housing Authority (NYCHA), dated July 3, 2012, which approved a Hearing Officer’s decision to deny petitioner’s grievance seeking succession rights as a remaining family member to the tenancy of his late mother, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of Supreme Court, New York County [Cynthia Kern, J.], entered February 1, 2013), dismissed, without costs.
Substantial evidence supports the determination that petitioner is not entitled to succession rights as a remaining family member (RFM) (see generally 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 180-181 [1978]). The record establishes that petitioner’s occupancy of the subject apartment was not pursuant to NYCHA’s written permission (see Matter of Rahjou v Rhea, 101 AD3d 422 [1st Dept 2012]; Matter of Adler v New York City Hous. Auth., 95 AD3d 694 [1st Dept 2012], lv dismissed 20 NY3d 1053 [2013]), and there exists no basis to disturb the Hearing Officer’s finding that petitioner’s *532 mother never sought or obtained the agency’s written permission to add petitioner to her household (see Matter of Café La China Corp. v New York State Liq. Auth., 43 AD3d 280, 281 [1st Dept 2007]). Contrary to petitioner’s contention, he is not entitled to RFM status on the ground that the agency had implicit knowledge of his alleged long-term occupancy of the apartment (see Adler at 695).
We have considered petitioner’s remaining arguments and find them unavailing. Concur — Mazzarelli, J.P., Sweeny, Moskowitz, Freedman and Clark, JJ. [Prior Case History: 2012 NY Slip Op 314580J).]