■ In the Matter of WILLIAM MALLAY, Appellant, v NEW YORK CITY HOUSING AUTHORITY, Respondent. [986 NYS2d 114]—

Judgment, Supreme Court, New York County (Carol E. Huff, J.), entered November 30, 2012, which denied the petition brought pursuant to CPLR article 78, seeking to annul respondent's determination dated November 30, 2011, denying petitioner succession rights, as a remaining family member to the subject apartment, and dismissed the proceeding, unanimously affirmed, without costs.

Petitioner did not sustain his burden of establishing entitlement to succession rights as a remaining family member to the apartment held by his deceased fiancé. The record demonstrates that his occupancy was not pursuant to respondent Housing Authority's written permission, nor was it reflected in the affidavits of income submitted to respondent by the deceased tenant (*see Matter of Adler v New York City Hous. Auth.*, 95 AD3d 694, 695 [1st Dept 2012], *lv dismissed* 20 NY3d 1053 [2013]). In any event, although petitioner testified that he and the tenant, who died on January 1, 2010, were domestic partners, he proffered no evidence that they registered the partnership, and hence, their relationship "is not within the Housing Authority's category of immediate relatives who are able to obtain permanent permission to occupy an apartment and succeed to a deceased tenant's lease" (*Matter of Hawthorne v New York City Hous. Auth.*, 81 AD3d 420, 421 [1st Dept 2011], citing New York City Housing Authority [NYCHA] Management Manual, ch IV).

We have considered petitioner's remaining arguments and find them unavailing. Concur—Renwick, J.P., Richter, Manzanet-Daniels, Feinman and Gische, JJ.