■ In the Matter of BETTY JEAN MITCHELL, Petitioner, v NEW YORK CITY HOUSING AUTHORITY, Respondent. [996 NYS2d 11]—

Determination of respondent New York City Housing Authority (NYCHA), dated December 19, 2012, which denied petitioner's grievance seeking succession rights as a remaining family member to the tenancy of her late mother, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of Supreme Court, New York County [Tanya R. Kennedy, J.], entered on October 29, 2013), dismissed, without costs.

Respondent's determination that petitioner is not entitled to succession rights as a remaining family member is supported by substantial evidence (see generally 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 180-182 [1978]). The record shows that petitioner's February 2011 request for consent to rejoin her mother's household was granted by respondent on April 7, 2011 and that petitioner's mother died eight months later, on December 7, 2011. Thus, petitioner did not meet the requirement that she continuously reside in the apartment with respondent's written consent for at least one year prior to the death of her mother, who was the tenant of record (see Matter of Saad v New York City Hous. Auth., 105 AD3d 672 [1st Dept 2013]; Matter of Ponton v Rhea, 104 AD3d 476, 477 [1st Dept 2013]). Petitioner's mitigating circumstances, including her sacrifice of another residency and opportunity for employment in order to care for her ailing mother, do not provide a basis for annulling respondent's determination (see Matter of Firpi v New York City Hous. Auth., 107 AD3d 523, 524 [1st Dept 2013]; Matter of Guzman v New York City Hous. Auth., 85 AD3d 514 [1st Dept 2011]). Concur—Tom, J.P., Sweeny, Andrias, Moskowitz and Gische, JJ.