■ In the Matter of GREGORY DANCIL, Petitioner, v NEW YORK CITY HOUSING AUTHORITY, Respondent. [998 NYS2d 328]—Determination of respondent, dated November 23, 2011, which denied petitioner's grievance seeking succession rights as a remaining family member to the tenancy of his sister, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of Supreme Court, New York County [Peter H. Moulton, J.], entered Feb. 22, 2013), dismissed, without costs.

The determination that petitioner is not entitled to succession rights as a remaining family member (RFM) is supported by substantial evidence (*see generally 300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176 [1978]). Petitioner's occupancy was not pursuant to respondent's written authority and was not reflected in the affidavits of income (*see Matter of Adler v New York City Hous. Auth.*, 95 AD3d 694 [1st Dept 2012], *lv dismissed* 20 NY3d 1053 [2013]; *Matter of Weisman v New York City Hous. Auth.*, 91 AD3d 543 [1st Dept 2012], *lv dismissed* 19 NY3d 921 [2012]). "[R]espondent may not be estopped from denying RFM status even if it . . . failed to assist the tenant of record with the necessary forms or was aware of petitioner's occupancy" (*Rosello v Rhea*, 89 AD3d 466, 466 [1st Dept 2011]). Furthermore, since public housing apartments are not private property, the tenant of record could not bequeath or transfer the apartment to petitioner (*see e.g. Matter of Hernandez v New York City Hous. Auth.*, 2009 NY Slip Op 30257[U] [Sup Ct, NY County 2009]). Concur—Tom, J.P., Sweeny, DeGrasse, Feinman and Gische, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES BERRY, Appellant. [995 NYS2d 913]—Judgment of resentence, Supreme Court, New York County (Renee A. White, J.), rendered June 26, 2012, as amended June 28, 2012, resentencing defendant to an aggregate term of 35 years, with five years' postrelease supervision, unanimously affirmed.

The resentencing proceeding imposing a term of postrelease supervision was neither barred by double jeopardy nor otherwise unlawful (*see People v Lingle*, 16 NY3d 621 [2011]), and we perceive no basis for reducing the term imposed. Concur—Tom, J.P., Sweeny, DeGrasse, Feinman and Gische, JJ.