■ In the Matter of MELISSA T. MITCHNER, Petitioner, v NEW YORK CITY HOUSING AUTHORITY, MITCHELL HOUSES, Respondent. [2 NYS3d 104]—

Determination of respondent New York City Housing Authority (NYCHA), dated July 25, 2012, which denied petitioner's grievance seeking succession rights as a remaining family member to the tenancy of her late grandmother, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of Supreme Court, New York County [Alexander W. Hunter, Jr., J.], entered February 11, 2013), dismissed, without costs.

Substantial evidence supports respondent's determination that petitioner is not entitled to succession rights as a remaining family member (*see generally 300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 180-182 [1978]). Petitioner's occupancy during the relevant period was not pursuant to NYCHA's written authority and was not reflected in the affidavits of income (*see Matter of Adler v New York City Hous. Auth.*, 95 AD3d 694, 695 [1st Dept 2012], *lv dismissed* 20 NY3d 1053 [2013]). Petitioner's claimed lack of awareness that her income had not been reported does not warrant a different result (*see Matter of Johnson v State of N.Y. Div. of Hous. & Community Renewal*, 213 AD2d 345 [1st Dept 1995]).

Petitioner's prior, authorized occupancy was terminated in 2005 upon her grandmother's submission of a Notice of Intent to Vacate and supporting notarized letter which reflected that petitioner had left the household. As the head of the household and tenant of record, petitioner's grandmother was authorized to remove members of her household (*see e.g. Matter of Abdil v Martinez*, 307 AD2d 238, 242 [1st Dept 2003]).

Petitioner's payment of rent did not confer legitimacy on her occupancy (*see Matter of Perez v New York City Hous. Auth.*, 99 AD3d 624, 625 [1st Dept 2012]) and her mitigating circumstances do not provide a basis for annulling NYCHA's determination (*see Matter of Firpi v New York City Hous. Auth.*, 107 AD3d 523, 524 [1st Dept 2013]). Additionally, petitioner may not invoke estoppel against a governmental agency, such as respondent (*see Matter of Parkview Assoc. v City of New York*, 71 NY2d 274, 282 [1988], *cert denied, appeal dismissed* 488 US 801 [1988]; *Adler v New York City Hous. Auth.*).

We have considered petitioner's remaining arguments and find them unavailing. Concur—Tom, J.P., Acosta, Saxe, Moskowitz and Feinman, JJ.