In the Matter of Isaac Widerman, Appellant, v New York City Housing Authority, Respondent. [10 NYS3d 70]—

Judgment, Supreme Court, New York County (Alexander W. Hunter, Jr., J.), entered January 31, 2014, denying the petition seeking, among other things, to annul a determination of respondent New York City Housing Authority, dated February 6, 2013, which, after a hearing, denied petitioner's grievance seeking a retroactive rent credit from January 2003 to January 2006; to obtain advancement in priority on a waiting list for transfer to a different NYCHA building; and to disclose certain documents and remove certain documents from his tenant folder, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.

Respondent had a rational basis for denying petitioner's

grievance seeking a rent credit pertaining to the period from January 2003 to January 2006. Notwithstanding that petitioner succeeded to his deceased mother's tenancy as a remaining family member, substantial evidence showed that he did not sign the lease until December 2010. Thus, petitioner was a licensee rather than a tenant during the prior time period at issue (*see Matter of Abdil v Martinez*, 307 AD2d 238, 242 [1st Dept 2003]), and was not entitled to a rent credit for the prior period (*see Matter of Garcia v Franco*, 248 AD2d 263 [1st Dept 1998], *lv denied* 92 NY2d 813 [1998]).

The court properly found that petitioner's claim that his request for a transfer to a different building was belatedly granted, resulting in an improperly low priority on the waiting list, was time-barred. Petitioner's claim could not have accrued any later than January 2011, when respondent granted the request. Thus, the four-month statute of limitations (CPLR 217 [1]) expired by May 2011 at the latest (*see Matter of Barry v Mulrain*, 4 AD2d 628, 630 [1st Dept 1957], *affd* 5 NY2d 906 [1959]). Petitioner commenced this proceeding more than two years later, in June 2013. We have considered and rejected petitioner's contention that respondent should have informed him of the statute of limitations.

Respondent has satisfied its statutory obligations in responding to petitioner's FOIL request for his tenant folder by disclosing the folder and certifying that a diligent search had failed to locate any further responsive records (*see Matter of Lopez v New York City Police Dept. Records Access Appeals Officer*, 126 AD3d 637 [1st Dept 2015]). Respondent indicated that the materials at issue were more than six years old, and were purged from the folder pursuant to its document-retention policy. The court also properly denied petitioner's application for a writ of mandamus to compel respondent to remove certain materials from the tenant folder, since petitioner failed to establish a clear legal right to the relief sought (*see Klostermann v Cuomo*, 61 NY2d 525, 539 [1984]). Notwithstanding petitioner's arguments that those materials were objectionable, any decision as to whether to remove them would be discretionary rather than ministerial (*see id.*).

The court properly found that the relief sought by petitioner pertaining to exhaust fans in the building is unavailable in an article 78 proceeding.

We have reviewed petitioner's remaining arguments for affirmative relief and find them unavailing. Concur—Tom, J.P., Friedman, Sweeny, Saxe and Clark, JJ.