■ In the Matter of MEL ALFONSO ANDRADE, Petitioner, v NEW YORK CITY HOUSING AUTHORITY, Respondent. [18 NYS3d 344]—

Determination of respondent New York City Housing Authority, dated March 7, 2014, which, after a hearing, denied petitioner's remaining family member grievance, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of Supreme Court, New York County [Michael D. Stallman, J.], entered Sept. 16, 2014), dismissed, without costs.

Respondent's determination has a rational basis and is supported by substantial evidence (see 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 180-182 [1978]). Petitioner never obtained respondent's written consent to his occupancy of his mother's apartment (see Matter of Ortiz v Rhea, 127 AD3d 665, 666 [1st Dept 2015]). Even if respondent

was aware that petitioner was living in the apartment to care for his mother, respondent may not be estopped from denying petitioner's grievance (*see id.*). Nor do petitioner's alleged mitigating factors provide a basis for annulling respondent's determination (*id.*). Petitioner may not "inherit" the public housing apartment (*see Matter of Dancil v New York City Hous. Auth.*, 123 AD3d 442, 442 [1st Dept 2014]).

We have considered petitioner's remaining contentions and find them unavailing. Concur—Gonzalez, P.J., Friedman, Gische and Kapnick, JJ.