■ In the Matter of YIM TOY ENG, Petitioner, v JOHN B. RHEA, Respondent. [26 NYS3d 44]—

Determination of New York City Housing Authority (NYCHA), dated January 2, 2014, which, after a hearing, denied petitioner's grievance seeking succession rights as a remaining family member to the tenancy of his late mother, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of Supreme Court, New York County [Michael D. Stallman, J.], entered Aug. 13, 2014), dismissed, without costs.

NYCHA's determination is rational and supported by substantial evidence, given that petitioner admitted that he did not obtain NYCHA's written consent to his occupancy of his late mother's apartment (*see Matter of Lieder v New York City Hous. Auth.*, 129 AD3d 644, 645 [1st Dept 2015]). Petitioner did not show that NYCHA acquiesced to his occupancy, and, in any event, he may not invoke estoppel against NYCHA (*id.*). Nor do petitioner's alleged mitigating factors provide a basis for annulling NYCHA's determination (*Matter of Andrade v New York City Hous. Auth.*, 132 AD3d 598, 599 [1st Dept 2015]).

Petitioner's due process argument is unavailing; the record shows that he was ably represented by a guardian ad litem who presented evidence and argued on his behalf, and his

niece's proposed testimony would not have changed the determination (*see Matter of Rentas v New York City Hous. Auth.*, 2009 NY Slip Op 30047[U], *5 [Sup Ct, NY County 2009]).

Petitioner lacks standing to assert a claim under the Americans with Disabilities Act on behalf of his late mother (*see Rosello v Rhea*, 89 AD3d 466, 467 [1st Dept 2011]). Further, petitioner's disability claim on behalf of himself is unavailing, since he does not meet the essential eligibility requirements for admission into public housing (*see id.; see also Matter of Rivera v New York City Hous. Auth.*, 60 AD3d 509, 509-510 [1st Dept 2009]). Moreover, his challenge to NYCHA's denial of his mother's request in 2007 to add him as an occupant of the apartment is time-barred (*see* CPLR 217). Concur—Mazzarelli, J.P., Renwick, Manzanet-Daniels and Kapnick, JJ.