■ In the Matter of CHERYL McBRIDE, Petitioner, v NEW YORK CITY HOUSING AUTHORITY, Respondent. [31 NYS3d 505]—

Determination of respondent New York City Housing Authority (NYCHA), dated July 14, 2014, which, after a hearing, denied petitioner's grievance seeking succession rights, as a remaining family member, to the tenancy of her late uncle, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of Supreme Court, New York County [Andrea Masley, J.], entered Apr. 1, 2015) dismissed, without costs.

Substantial evidence supports respondent's determination that petitioner is not entitled to succession rights as a remaining family member (*see generally 300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 179-182 [1978]). The hearing officer's failure to credit petitioner's family's testimony as to the submission of written requests that she be allowed to join the household is entitled to great weight (*see Matter of Berenhaus v Ward*, 70 NY2d 436, 443 [1987]). Even if we were to credit this testimony, it would not establish entitlement to succession rights. Petitioner acknowledges that these requests were never granted and her residency and income were not reflected on the affidavits of income for the apartment (*see Matter of Ponton v Rhea*, 104 AD3d 476 [1st Dept 2013]; *Matter of Adler v New York City Hous. Auth.*, 95 AD3d 694, 695 [1st Dept 2012], *lv dismissed* 20 NY3d 1053 [2013]).

Petitioner may not invoke estoppel against a governmental agency, such as respondent (*see Matter of Schorr v New York City Dept. of Hous. Preserv. & Dev.*, 10 NY3d 776, 779 [2008]; *Matter of Parkview Assoc. v City of New York*, 71 NY2d 274, 282 [1988], *appeal dismissed, cert denied* 488 US 801 [1988]; *Adler* at 695) and the record affords no basis upon which to relieve petitioner of the written consent requirement (*see Matter of McFarlane v New York City Hous. Auth.*, 9 AD3d 289 [1st Dept 2004]; *cf. Matter of Gutierrez v Rhea*, 105 AD3d 481 [1st Dept 2013], *lv denied* 21 NY3d 861 [2013]).

Petitioner's mitigating circumstances do not provide a basis for annulling NYCHA's determination (*see Matter of Firpi v New York City Hous. Auth.*, 107 AD3d 523, 524 [1st Dept 2013]; *Matter of Guzman v New York City Hous. Auth.*, 85 AD3d 514 [1st Dept 2011]).

Finally, we find NYCHA's submission of correspondence, not before the hearing officer, to be improper, and have not considered it in reaching our decision (*see Matter of Featherstone v Franco*, 95 NY2d 550, 554 [2000]). Concur—Acosta, J.P., Saxe, Gische, Webber and Kahn, JJ.