■ In the Matter of Denise Valette, Respondent, v New York City Housing Authority, Appellant. [46 NYS3d 84]—

Order, Supreme Court, New York County (Andrea Masley, J.), entered July 8, 2015, which vacated respondent's determination, dated February 17, 2015, dismissing petitioner's remaining family member grievance to succeed to the public housing apartment formerly leased to her deceased mother, unanimously reversed, on the law, the petition denied, and the proceeding brought pursuant to CPLR article 78 dismissed, without costs.

"The New York City Housing Authority Management Manual requires that a remaining family member grievant must remain current in use and occupancy to pursue the grievance" (*Matter of Figueroa v New York City Hous. Auth.*, 141 AD3d 468, 469 [1st Dept 2016]). This requirement has been upheld by the Court of Appeals and this Court (*see Matter of Henderson v Popolizio*, 76 NY2d 972, 974 [1990]; *Matter of Hawthorne v New York City Hous. Auth.*, 81 AD3d 420, 420-421 [1st Dept 2011]; *Matter of Garcia v Franco*, 248 AD2d 263, 264-265 [1st Dept 1998], *lv denied* 92 NY2d 813 [1998]). The facts of this case are distinguishable from *Figueroa* (141 AD3d 468) as petitioner, who was advised three times in the course of her proceedings, makes no claim that the Housing Authority refused to provide her with requested assistance.

"[N]othing in the Federal regulation requires respondent to grant a formal hearing to every person who makes a bare assertion that he or she is the remaining family member of a deceased tenant but is unable to make a preliminary showing that the claim is reasonably based" (*Henderson*, 76 NY2d at 974). Petitioner's claim that she never moved out of her deceased mother's apartment is unsubstantiated, and contradicted by her mother's removal notice, which included copies of petitioner's NYSID card and her SSI payment information, both as of March 2013, the date of petitioner's removal from the household, reflecting an address in Astoria, Queens. Petitioner's ability to prove that she remained in the home for one year prior to her mother's death appears futile (*see Matter of Torres v New York City Hous. Auth.*, 40 AD3d 328, 329-330 [1st Dept 2007]). There was no denial of due process where the petitioner had an informal hearing at which she "had the opportunity to present [her] side of the case" (*Henderson*, 76 NY2d at 975). Concur—Friedman, J.P., Sweeny, Richter, Manzanet-Daniels and Kapnick, JJ.