Matter of Pullins v New York City Hous. Auth. (2020 NY Slip Op 06032)





Matter of Pullins v New York City Hous. Auth.


2020 NY Slip Op 06032


Decided on October 22, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 22, 2020

Before: Friedman, J.P., Kern, Scarpulla, Shulman, JJ. 


Index No. 452826/15 Appeal No. 12150 Case No. 2019-5741 

[*1]In re Jaquel Pullins, Petitioner-Respondent,
v
New York City Housing Authority, et al., Respondents-Appellants.


Lisa Bova-Hiatt, New York City Housing Authority Law Department, New York (Andrew M. Lupin of counsel), for appellants.
Janet E. Sabel, The Legal Aid Society, New York (Emma L. Rosenberg of counsel), for respondent.



Order and judgment (one paper), Supreme Court, New York County (Debra A. James, J.), entered July 5, 2019, granting the petition to annul a determination of respondent New York City Housing Authority (NYCHA), dated August 7, 2015, which denied petitioner's grievance seeking succession rights to the tenancy of her late mother as a remaining family member (RFM), and remanding for a new hearing before a different hearing officer, unanimously vacated, the petition treated as one transferred to this Court for de novo review, and, upon such review, the determination, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78, dismissed, without costs.
The petition "raised an issue of substantial evidence" and "should have been transferred to this Court pursuant to CPLR 7804(g)." As such, "we will 'treat the substantial evidence issues de novo and decide all issues as if the proceeding had been properly transferred'" (Matter of Roberts v Rhea, 114 AD3d 504, 504 [1st Dept 2014], quoting Matter of Jimenez v Popolizio, 180 AD2d 590, 591 [1st Dept 1991]).
Substantial evidence supports the determination that petitioner is not entitled to succession rights as a RFM following the death of her mother, the tenant of record (see generally 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 180 [1978]). NYCHA granted a request by petitioner's mother to remove petitioner from the family household composition, which petitioner's mother supported by, among other things, representing in an affidavit submitted to NYCHA that petitioner had moved out of the apartment and that her whereabouts were unknown (see Matter of Mitchner v New York City Hous. Auth., Mitchell Houses, 124 AD3d 535 [1st Dept 2015]). A NYCHA employee testified at the hearing that no subsequent request was made for petitioner to rejoin the household (see Matter of McBride v New York City Hous. Auth., 140 AD3d 415 [1st Dept 2016]), and petitioner failed to present circumstances relieving her of the requirement of written consent to rejoin the tenancy (see Matter of MacFarlane v New York City Hous. Auth., 9 AD3d 289, 291 [1st Dept 2004]). There is no basis for disturbing the Hearing Officer's credibility determinations or weighing of any conflicting evidence (see Matter of Bolt v New York City Dept. of Educ., 30 NY3d 1065, 1076 [2018]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 22, 2020