Matter of Cadalzo v Russ (2021 NY Slip Op 03544)





Matter of Cadalzo v Russ


2021 NY Slip Op 03544


Decided on June 08, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 08, 2021

Before: Renwick, J.P., Kern, Scarpulla, Mendez, JJ. 


Index No. 452057/19 Appeal No. 14020 Case No. 2020-03355 

[*1]In the Matter of Lorenzo Cadalzo, Petitioner,
v
Gregory Russ, as Chairman of the New York City Housing Authority, et al., Respondents.


Housing Conservation Coordinators, Inc., New York (Richard Semegram of counsel), for petitioner.
Lisa Bova-Hiatt, New York City Housing Authority, New York (Hanh H. Le of counsel), for respondents.



Determination of respondent New York City Housing Authority (NYCHA), dated August 21, 2019, which, after a hearing, denied petitioner's remaining family member grievance, unanimously confirmed, the petition denied, and the proceeding (transferred to this Court pursuant to CPLR 7804[g] by order of Supreme Court, New York County [Eileen A. Rakower, J.], entered March 10, 2020) dismissed, without costs.
The determination that petitioner failed to establish that he was a remaining family member (RFM) as defined by NYCHA rules is supported by substantial evidence (see 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 181-182 [1978]) showing that the deceased tenant of record neither requested nor received permanent permission from NYCHA for petitioner to be added as a member of the household (see Matter of Aponte v Olatoye, 30 NY3d 693, 697 [2018] ["A person lacking permanent permission to reside in an apartment is not eligible for RFM status"]; Matter of Crawford v Brezenhoff, 187 AD3d 598, 599 [1st Dept 2020]; see also Matter of Rivera v New York City Hous. Auth., 60 AD3d 509, 509 [1st Dept 2009]). While this Court has not required NYCHA's written consent where a remaining family member grievant "demonstrate[d] that NYCHA knew or implicitly approved of" his occupancy (Matter of Porter v New York City Hous. Auth., 169 AD3d 455, 461 [1st Dept 2019] [internal quotation marks omitted], lv dismissed 34 NY3d 1010 [2019]), we perceive no reason to overturn the Hearing Officer's finding that petitioner's evidence that NYCHA knew of his occupancy was insufficient (see Matter of Berenhaus v Ward, 70 NY2d 436, 443-444 [1987]). In any event, petitioner provided no evidence that he and the tenant registered a domestic partnership; hence, their relationship is not included in the category of immediate relatives who are eligible under NYCHA rules to obtain permanent permission to occupy an apartment and succeed to the deceased tenant's lease (Matter of Mallay v New York City Hous. Auth., 117 AD3d 597, 597 [1st Dept 2014]).
Personal hardships to petitioner resulting from the denial of RFM status are not a ground on which to annul NYCHA's determination (Matter of McMillan v New York City Hous. Auth., 168 AD3d 643, 643 [1st Dept 2019]; Matter of Morales v New York City Hous. Auth., 132 AD3d 581, 582 [1st Dept 2015], lv dismissed 28 NY3d 1023 [2016]).
Petitioner's contention that NYCHA discriminated against him on the basis of sexual orientation, family status, and disability is not reviewable, as he failed to raise these issues at the hearing (Matter of Basnight v New York City Hous. Auth., 132 AD3d 549, 550 [1st Dept 2015]; Matter of King v New York City Hous. Auth., 118 AD3d 636, 637 [1st Dept 2014]). In any event, these arguments fail on the merits. Petitioner's alleged comparator with respect to sexual orientation was not similarly situated (see Shumway v United Parcel Service, Inc., 118 F3d 60, 64 [2d Cir 1997]; see also Matter of Porter, [*2]169 AD3d at 456-457). NYCHA "validly limit[s] occupancy to only those in a legal, family relationship with the tenant" (Levin v Yeshiva Univ., 96 NY2d 484, 490 [2001]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 8, 2021